# SCHOOL DISTRICT NO. 109, of Walsh County, North Dakota, v. PETER HEFTA.

(160 N. W. 1005.)

**School land — sale of — contract for — purchaser — title — subject to transfer — by deed — by execution sale — taxation — adverse possession.**

On approval of a contract for the sale of school land, the purchaser obtains a title subject to transfer by deed and by execution sale and subject to taxation and to adverse possession.

Opinion filed January 15, 1917. Petition for rehearing denied January 22, 1917.

Appeal from a judgment of the District Court of Walsh County, *Hon. W. J. Kneeshaw,* J.

Affirmed.

*Frank B. Feetham,* for appellant.

Occupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession. Comp. Laws 1913, § 5469.

Occupancy for the statutory time confers a title thereto, known as title by prescription, and is sufficient as against all. Comp. Laws 1913, § 5470.

It has been frequently held by the Federal courts that the statute will not begin to run until the issuance of patent. Redfield v. Parks, 132 U. S. 239, 33 L. ed. 327, 10 Sup. Ct. Rep. 83.

It is well settled that adverse possession cannot be urged in favor of anyone so long as the title to the land remains in the government. Stringfellow v. Tennessee Coal, I. & R. Co. 117 Ala. 250, 22 So. 997; Wiggins v. Kirby, 106 Ala. 262, 17 So. 354; Wagnon v. Fairbanks, 105 Ala. 527, 17 So. 20.

The fee of lands held under an imperfect grant (Mexican grant) vests for the first time upon the issuance of the patent, and no length of adverse possession prior thereto will support the Statute of Limitation. Anzar v. Miller, 90 Cal. 342, 27 Pac. 299; Gardiner v. Miller, 47 Cal. 571; Manly v. Howlett, 55 Cal. 94.

In a suit for the recovery of the land commenced after patent issues,

the Statute of Limitations cannot be held to have commenced to run prior to the date of the patent. Manly v. Howlett, 55 Cal. 97; Henshaw v. Bissell, 18 Wall. 255, 21 L. ed. 835; Hagar v. Spect, 48 Cal. 406; Galino v. Wittenmeyer, 49 Cal. 12.

Where the legal title remains in the state, under the general principles of the common law there can be no adverse possession of the lands. Prestwood v. Watson, 111 Ala. 604, 20 So. 600; Iverson v. Dubose, 27 Ala. 418; Swann v. Lindsey, 70 Ala. 507; Nichols v. Council, 51 Ark. 26, 14 Am. St. Rep. 20, 9 S. W. 305; Carroll v. Patrick, 23 Neb. 834, 37 N. W. 671; Sparks v. Pierce, 115 U. S. 408, 29 L. ed. 428, 6 Sup. Ct. Rep. 102; Simmons v. Ogle, 105 U. S. 271, 66 L. ed. 1087; Gibson v. Chouteau, 13 Wall. 92, 20 L. ed. 534; Taylor v. Combs, 20 Ky. L. Rep. 1828, 50 S. W. 65; Lindsay v. Austin, 139 N. C. 463, 51 S. E. 990; Hibben v. Malone, 85 Ark. 584, 109 S. W. 1008.

Everyone is presumed to know the law, and the trustees of the plaintiff are conclusively presumed to have known that the district had no right to occupy the premises, and was a trespasser. Hawkes v. Deffebach, 4 Dak. 20, 22 N. W. 480.

In such a case there can be no such thing as good faith. Where the party knows he has no title, and where he is presumed to know he can acquire none by occupancy, he is a wrongdoer. Deffebach v. Hawke, 115 U. S. 392, 29 L. ed. 423, 6 Sup. Ct. Rep. 102.

*H. C. De Puy,* for respondent.

Title by limitation to school lands can be acquired by limitation or by prescription. Parker v. Brown, 80 Tex. 555, 16 S. W. 262; Dutton v. Thompson, 85 Tex. 115, 19 S. W. 1026; Lawless v. Wright, 39 Tex. Civ. App. 26, 86 S. W. 1039; Thompson v. Dutton, 96 Tex. 205, 71 S. W. 544; Paterson v. Rector, — Tex. Civ. App. —, 127 S. W. 561.

When the state acquired title it related back to the inception of the title, which commenced with the application to purchase, and the title established at that time was sufficient to sever the land from the mass of the public domain, so that limitations would operate against it. Thompson v. Dutton, 96 Tex. 205, 71 S. W. 544, reversing — Tex. Civ. App. —, 69 S. W. 996, affirming — Tex. Civ. App. —, 69 S. W. 641; Dutton v. Thompson, 85 Tex. 115, 19 S. W. 1027; Hibben v. Malone, 85 Ark. 584, 109 S. W. 1008; Gonsoulin v. Gulf Co. 53 C. C.

A. 31, 116 Fed. 251; Sage v. Rudnick, 91 Minn. 325, 98 N. W. 89, 100 N. W. 106; Nicholson v. Congdon, 95 Minn. 188, 103 N. W. 1034; Iowa R. Land Co. v. Blumer, 206 U. S. 482, 51 L. ed. 1148, 27 Sup. Ct. Rep. 769; Webster v. Pittsburg, C. & T. R. Co. 78 Ohio St. 87, 15 L.R.A.(N.S.) 1154, 84 N. E. 592; Walcott Twp. v. Skauge, 6 N. D. 382, 71 N. W. 544; Great Northern R. Co. v. Viborg, 17 S. D. 374, 97 N. W. 6.

Color of title is not necessary to perfect title by adverse possession. 1 Cyc. 1083, 1084, 1101; Rev. Codes 1905, §§ 6777, 6780; Comp. Laws 1913, §§ 7365, 7368; Pendo v. Beakey, 15 S. D. 344, 89 N. W. 659.

The right of eminent domain may be exercised in behalf of the following public uses—public buildings and grounds for the use of any school district and any real property belonging to any person may be taken. Rev. Codes 1895, §§ 5956, 5958; Comp. Laws 1913, §§ 7205, 8203; Carter v. Chattanooga, — Tenn. —, 48 S. W. 117; Cases cited in 18 Century Dig. cols. 829, 1947.

Defendant here has no right to compensation. The vendee of land is not entitled to claim the payment of damages for lands taken, or for injuries done, before he acquires title. 6 Am. & Eng. Enc. Law, 588, and cases cited; Cases cited in 18 Century Dig. col. 1367.

He is estopped to claim any damages. 13 Cyc. 451 et seq.

He is barred by the Statute of Limitations. Cases cited in 18 Century Dig. cols. 2016, 2025.

An action to quiet title or to determine adverse claims is *lis pendens* as to persons acquiring interests *pendente lite.* Cases in 33 Century Dig. col. 1453; 25 Cyc. 1459.

Where purchaser has actual notice of the pendency of the action, filing notice is not necessary. 25 Cyc. 1452; Brown v. Cohn, 95 Wis. 90, 60 Am. St. Rep. 83, 68 N. W. 71; Bell v. Peterson, 105 Wis. 607, 81 N. W. 279.

Where a defendant is in default in such an action, he must be adjudged to have no estate or interest in the property. Rev. Codes 1905, § 7528, Comp. Laws 1913, § 8153.

Defendant having purchased after default, and with actual notice of the pendency of the action, he takes the case as he finds it, and is bound by plaintiff's right to have his guarantor, and those claiming under

him, adjudged to have no estate in the property.    25 Cyc. 1450, 1479; Morris v. Linton, 74 Neb. 411, 104 N. W. 927.

In such cases, and under-such circumstances, no recovery or payment for the use of the land can be had.    Christ v. Johnstone, 25 N. D. 6, 140 N. W. 680.

. Robinson, J.    The plaintiff school district brings this action to quiet title to 2 acres of land in a corner of the N. E. $\frac{1}{4}$ of section 36, township 156, range 52.   The complaint simply avers that the plaintiff owns the 2 acres, and that the defendants claim some title or interest in it adverse to the plaintiff.    Such a complaint is a mere challenge to the defendant to make a counter complaint and to set forth his claim or abandon it. The answer of Peter Hefta is dated January 3, 1913, and it is the commencement of an action by Peter Hefta to establish his title to the land in question.    By its reply the plaintiff claims title by an adverse possession of twenty years prior to January 3, 1913; and the proof of such adverse possession is conclusive.    In 1891 Anton Hefta purchased the land, and the sale to him was duly confirmed by the Board of University and School Lands.    From the date of approval the land was subject to taxation; it was subject to transfer by defendant and by execution sale, subject only to the balance, if any, that might be due on the contract. It was for all purposes the land of the purchaser, the·same as if he had taken a deed and given back a mortgage for the balance of the purchase price.    At the end of twenty yers, when payment was made, a patent for the land was duly issued to Anton Hefta, who transferred his title to·his son, Peter Hefta.    For more than twenty years prior to January 3, 1913, both defendants lived within half a mile of the schoolhouse and on the land in question, and never in any way challenged the adverse possession.    The claim of defendant is that the statute giving a title by adverse possession of twenty years does not apply to school land prior to the issuing of a patent for the same.    By statute, school lands are sold on these terms:   The purchaser pays one fifth of the price in cash at the time of the sale, one fifth in five years, one fifth in ten years, one fifth in fifteen years, and the balance in twenty years, with interest at 6 per cent, payable annually.    The purchaser gets immediate possession after the approval of the same by the Board of University and School Lands.    When full payment is made the governor issues to the pur-

chaser, his heirs, or assigns, a patent conveying title to the land. The approval of the sale was duly made in 1891, and from that time the land was subject to taxation. It was subject to transfer by deed and by execution sale, subject only to any balance remaining due on the contract. It was, for all purposes, the land of the purchaser the same as if he had taken a deed and given back a mortgage for the purchase price. Hence, the title of the purchaser was subject to the Statute of Limitations and to adverse possession.

We are pleased to note that the school district has kindly offered to pay Peter Hefta $200 for a title which he has ceased to own; and on the payment into court, for the benefit of Peter Hefta, of any balance of said $200 which may be due after deducting the costs of the trial court and of the appeal to this court, it is ordered that the judgment of the District Court herein be, and the same is, in all things affirmed.

Dated, January 13, 1917.

On Petition for Rehearing, filed January 22, 1917.

ROBINSON, J. The offer of $200 by the school district was a gratuity, and the proper application of the same will effectually relieve the defendants from the payment of any cost. There is no occasion for modifying the judgment, and the petition for a rehearing is denied.