MARIA STEINWAND, Administratrix of the Estate of George Stein-
wand, Deceased, v. DANIEL H. BROWN et al.

(166 N. W. 129.)

**Adverse claims to real property — action to determine — mortgage foreclos-
ure — adverse possession — for more than ten years — under claim and
color of title — all claims barred.**

This is an action to determine adverse claims to a quarter section of land.
Under a mortgage foreclosure, and under a mortgage which gave to the mort-
gagee and its grantees the right to the possession of the land, and under a claim
and color of title in good faith, the plaintiff and her grantors have been in actual
adverse possession of the land for more than ten years. *Held,* that all claims of
the defendant are barred by statute.

Opinion filed October 20, 1917. Rehearing denied December 28, 1917.

Appeal from District Court of Dickey County, Honorable *Frank P.
Allen,* Judge.

Defendant appeals.

Affirmed.

*W. S. Lauder (Youker & Perry,* of counsel) for appellants.

To entitle a party to foreclose a mortgage by advertisement, all assign-
ments must first be duly recorded. Code, § 8077, subd. 3; Page v.
Smith, 33 N. D. 369, 157 N. W. 477, and cases cited; Morris v. Mc-
Knight, 1 N. D. 266, 47 N. W. 375; Langmaack v. Keith, 19 S. D.
351, 103 N. W. 210.

A party foreclosing a mortgage by advertisement must not only own
the mortgage in fact, but his ownership must appear upon the records
in the office of the register of deeds.

Otherwise a party has no right to so foreclose, and the foreclosure
and the sheriff's deed issued thereon are wholly void. Hickey v. Rich-
ards, 3 Dak. 345, 20 N. W. 428; Hebden v. Bina, 17 N. D. 235, 138
Am. St. Rep. 700, 116 N. W. 85; D. S. B. Johnston Land Co. v. Mitch-
ell, 29 N. D. 510, 151 N. W. 23.

Every person who has actual notice of circumstances sufficient to put
a prudent man upon his inquiry as to a particular fact, and who omits
to make such inquiry with reasonable diligence, is deemed to have con-

structive notice. Code, § 7290, 2 Pom. Equity Jurisprudence, 3d ed. § 637; Roll v. Rea, 50 N. J. L. 264, 12 Atl. 905; Albia State Bank v. Smith, 141 Iowa, 255, 119 N. W. 608; Clark v. Bullard, 66 Iowa, 747, 24 N. W. 561; Ætna L. Ins. Co. v. Bishop, 69 Iowa, 645, 29 N. W. 761; Mathews v. Jones, 47 Neb. 616, 66 N. W. 622; Hubbard v. Knight, 52 Neb. 400, 72 N. W. 473; Brush v. Ware, 15 Pet. 93, 10 L. ed. 672; White v. Foster, 102 Mass. 375; Baker v. Mather, 25 Mich. 51; Higgins v. Dennis, 104 Iowa, 605, 74 N. W. 9.

One who takes a mortgage upon real property has constructive notice of every fact which could have been ascertained by an inspection of the deeds and mortgages on record in the chain of title. Pillow v. Southwest Virginia Improv. Co. 92 Va. 144, 53 Am. St. Rep. 804, 23 S. E. 32; Kirsch v. Tozier, 42 Am. St. Rep. 729, and note, 143 N. Y. 390, 38 N. E. 375; McPherson v. Rollins, 107 N. Y. 316, 1 Am. St. Rep. 826, 14 N. E. 411; Stewart v. Matheny, 14 Am. St. Rep. 539, note.

"Whatever is sufficient to put a person of ordinary prudence upon inquiry is constructive notice of everything to which that inquiry would presumably have lead." Mercantile Nat. Bank v. Parsons, 40 Am. St. Rep. 299, and note, 54 Minn. 56, 55 N. W. 825; Doran v. Dazey, 5 N. D. 167, 57 Am. St. Rep. 550, 64 N. W. 1023; 2 Devlin, Real Estate, §§ 710, 710a; Hingtgen v. Thackery, 23 S. D. 329, 121 N. W. 839; Hall v. Orvis, 35 Iowa, 366; Mosle v. Kuhlman, 40 Iowa, 108; Clark v. Stout, 32 Iowa, 213; State v. Shaw, 28 Iowa, 67.

The defendant is not estopped to assert his rights. Estoppel is essentially an equitable rule. To fix acquiescence upon a party, it must unequivocally appear that he knew or had notice of the fact upon which the alleged acquiescence is founded and to which it refers. Herman, Estoppel, 6th ed. pp. 663 et seq.; Goss v. Herman, 20 N. D. 305, 127 N. W. 78; 12 Am. & Eng. Enc. Law, 547; Kenny v. McKenzie, 23 S. D. 111, 49 L.R.A.(N.S.) 775, 120 N. W. 781; Biddle Boggs v. Merced Min. Co. 14 Cal. 279, 10 Mor. Min. Rep. 334; Bigelow, Estoppel, p. 439; Brant v. Virginia Coal & I. Co. 93 U. S. 326, 23 L. ed. 927; Brigham Young Trust Co. v. Wagener, 12 Utah, 1, 40 Pac. 764, 8 Enc. Pl. & Pr. 10; Ergenbright v. Henderson, 72 Kan. 29, 82 Pac. 524; Davis v. Davis, 26 Cal. 23, 85 Am. Dec. 157; Page v. Smith, 13 Or. 410, 10 Pac. 833; Buck v. Milford, 90 Ind. 291; Meyendorf v. Froh-

mer, 3 Mont. 282, 5 Mor. Min. Rep. 559; Hope Lumber Co. v. Foster & L. Hardware Co. 53 Ark. 196, 13 S. W. 731.

To effect an estoppel by silence it must appear that the person had a full knowledge of the facts and of his rights, that he had an intent to mislead or at least a willingness that others should be deceived, and that the other party was misled by his attitude. 10 R. C. L. pp. 693, 694, subd. 21, and notes; Davidson v. Jennings, 27 Colo. 187, 48 L.R.A. 340, 83 Am. St. Rep. 49, 60 Pac. 354; Crest v. Jack, 3 Watts, 238, 27 Am. Dec. 353; Bartlett v. Kauder, 97 Mo. 356, 11 S. W. 67; Cook v. Walling, 117 Ind. 9, 2 L.R.A. 769, 10 Am. St. Rep. 22, 19 N. E. 532.

Plaintiff must rely on the strength of her own title, and not upon the weakness of the title of her adversary. Page v. Smith, 33 N. D. 369, 157 N. W. 477.

Title by prescription is not shown. The legal title has been at all times in defendant, of which fact the mortgage company and its assigns, including plaintiff's testator, have had constructive notice from the record. Page v. Smith, 33 N. D. 377, 157 N. W. 477.

Unimproved and unoccupied land is deemed to be in the possession of the holder of the legal title, and not in the holder of an alleged title acquired under void judicial proceedings, or a void mortgage foreclosure. State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Page v. Smith, 33 N. D. 376, 157 N. W. 477; Jasperson v. Scharnikow, 15 L.R.A.(N.S.) 1189 note.

Plaintiff's title or claim has not ripened into a perfect title.

"An adverse claim to land may ripen into a perfect title by virtue of the Statute of Limitations; but it is primarily essential that the possession relied upon be actual, and for the full period of time required." Page v. Smith, supra; D. S. B. Johnston Land Co. v. Mitchell, 29 N. D. 510, 151 N. W. 23; Power v. Kitching, 10 N. D. 254, 88 Am. St. Rep. 691, 86 N. W. 737; J. B. Streeter, Jr. Co. v. Fredrickson, 11 N. D. 300, 91 N. W. 692.

*F. J. Graham* and *E. E. Cassels,* for respondent.

It is well settled that when an adverse possession of real property has continued for a sufficient length of time so that the remedies of the owner to recover the land have become barred by the Statute of Limitations, the title to such premises is devested and becomes vested in the adverse occupant. Sprecker v. Wakeley, 11 Wis. 433; Rogers v. Benton, 39

Minn. 39, 12 Am. St. Rep. 613, 38 N. W. 765; Brown, Limitation & Adverse Possession, §§ 1–4, and cases cited in notes to § 4; Campbell v. Holt, 115 U. S. 620, 29 L. ed. 483, 6 Sup. Ct. Rep. 209; Chapin v. Freeland, 142 Mass. 383, 56 Am. Rep. 701, 8 N. E. 128; Comp. Laws 1913, §§ 7362, 7363, 7381; Dak. Rev. Codes 1877, 2d ed. p. 4, preface.

These sections of our Code came to us with a construction placed upon them, and, in adopting them, we adopted the construction of them. Miner v. Beekman, 50 N. Y. 337; Hubbell v. Sibley, 50 N. Y. 468; Houts v. Hoyne, 14 S. D. 176, 84 N. W. 773; Nash v. North West Land Co. 15 N. D. 566, 108 N. W. 792.

A mortgagor's remedies against a mortgagee in possession are conclusively of an equitable nature. Backus v. Burke, 63 Minn. 272, 65 N. W. 459; Jones, Mortg. 6th ed. §§ 715 and 716, and cases cited; Nash v. Northwest Land Co. 15 N. D. 566, 108 N. W. 792; Mears v. Somers Land Co. 18 N. D. 384, 121 N. W. 916; Rogers v. Benton, 39 Minn. 39, 12 Am. St. Rep. 613, 38 N. W. 765; Houts v. Hoyne, 14 S. D. 176, 84 N. W. 773.

"If a man knowingly, although he does it passively, suffers another to purchase and expend money on land under an erroneous opinion of title without making known his claim, he shall not afterwards be permitted to exercise his legal rights against such person." Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416; Wampol v. Kountz, 14 S. D. 334, 86 Am. St. Rep. 765, 85 N. W. 595; Murphy v. DaFoe, 18 S. D. 42, 99 N. W. 86; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Kirk v. Hamilton, 102 U. S. 68, 26 L. ed. 79; State ex rel. Miller v. Graham, 21 Neb. 339, 32 N. W. 142; Gillespie v. Sawyer, 15 Neb. 536, 19 N. W. 449; Simmons v. Burlington C. R. Co. 159 U. S. 278, 40 L. ed. 150, 16 Sup. Ct. Rep. 1; Kenny v. McKenzie, 25 S. D. 485, 49 L.R.A.(N.S.) 782, 127 N. W. 597; Pom. Eq. Jur. § 865.

There are cases where it is the duty of a person to speak, although the actual state of the title might be ascertained by an examination of the records, and courts have frequently applied the doctrine of estoppel by conduct in such cases, even when the conduct of the party estopped consisted merely of his silence and failure to assert his title at the proper time. Conklin v. Wehrman, 38 Fed. 874; Sumner v. Seaton, 47 N. J. Eq. 111, 19 Atl. 884; Pom. Eq. Jur. §§ 804, 965; Horn v. Cole, 51 N. H. 287, 12 Am. Rep. 111; Bausman v. Faue, 45 Minn. 412, 48 N.

W. 13; Wetzel v. Minnesota R. Transfer Co. 12 C. C. A. 490, 27 U. S. App. 594, 65 Fed. 23; Murphy v. Dafoe, 18 S. D. 42, 99 N. W. 86; Kirk v. Hamilton, 102 U. S. 68, 26 L. ed. 79; Wendell v. Van Rensselaer, 1 Johns. Ch. 344; Bacon v. Northwestern Mut. L. Ins. Co. 131 U. S. 258, 33 L. ed. 128, 9 Sup. Ct. Rep. 787; Kenny v. McKenzie, 25 S. D. 485, 49 L.R.A.(N.S.) 782, 127 N. W. 597.

ROBINSON, J. The plaintiff brings this suit under the statute to determine adverse claims to a quarter section of land (N. W. $\frac{1}{4}$ 2–131–64) in Dickey county. On August 4, 1914, Daniel Brown by answer avers that he is the owner in fee of the land and entitled to possession of the same under a patent from the United States. In reply the plaintiff avers that under a mortgage deed made by Brown, a foreclosure of the same, and a sheriff's deed, she and her grantors have been in actual and continuous, open and adverse, possession of the land for more than twenty years and have paid all taxes on the land since 1883. That during all of said time defendant lived within a mile of the land and made no claim to it. The trial court gave judgment quieting plaintiff's title, and defendant appeals. By his answer Brown claims title under a receiver's receipt made to him in December, 1883, and a United States' patent in 1883. He avers that he owns the land and that for more than twenty years he has been in actual possession of the same, and he asks that judgment of the adverse claim of the plaintiff be adjudged void.

The plaintiff claims title under a mortgage dated December 24, 1883, made by Brown to United States Mortgage Company to secure $450 and interest. This mortgage contains a power of sale in case of default. Default was made by failure to pay the principal, interest, or taxes, and on April 19, 1890, pursuant to notice of foreclosure the land was sold to the mortgage company by the sheriff of Dickey county, and an affidavit and certificate of sale was duly made and recorded. There was no redemption, and in May, 1891, the sheriff made to the purchaser a deed of the land, which was duly acknowledged and recorded. Then the mortgage company made to Albert Hilton a contract for the sale of the land, and in February, 1904, it made to Hilton a warranty deed of the land. On June 22, 1905, Hilton made to George Steinwand, hus-

band of the plaintiff, now deceased, a warranty deed recorded June 23, 1905. It was made for the express consideration of $1,760.

The mortgage shows it was given to secure the purchase money which Brown paid for the land. It covenants to pay taxes and contains a power of sale. In case of default, the mortgagee, its successors, and assigns are authorized to enter upon and take possession of the land, to sell and convey the same to the purchaser in fee simple. The mortgage contains also this special power of attorney to sell the land, "and, for the purpose of effecting such sale and making to the purchaser a good and effective title, the said party of the first part (Brown) has constituted and appointed, and does constitute and appoint, the party of the second part or any agent it may select and appoint for that purpose, its true and lawful attorney for him, and in its name and state to sell said premises, and to make to the purchaser thereof a good and sufficient deed or deeds of conveyance, with full covenants of warranty, to the same extent and in like manner as the party of the first part (Brown) might do if personally present with full power of substitution to said second party, and without any power of revocation by said party of the first part."

When a power to sell real property is given to a mortgagee in an instrument intended to secure the payment of money, the power is deemed a part of the security. Rev. Codes, § 3117, Comp. Laws, § 5398. The power is a contract which is protected by the Constitution against impairment. Under the power contained in the mortgage, the mortgagee and its grantees have been in possession of the lands some twenty-two years. If the foreclosure proceeding is valid, the plaintiff has a perfect title, if the foreclosure is void or voidable the plaintiff holding under the mortgagee has all the rights of the mortgagee in possession. His possession is rightful, and the mortgagor cannot question the title or possession of the plaintiff except by a pleading in the nature of a bill to redeem.

This is purely a statutory action. It is a challenge to the defendant to set forth and establish his adverse claim or to abandon it. Defendant becomes practically the plaintiff and takes the affirmative in pleading and proof. Walton v. Perkins, 28 Minn. 413, 10 N. W. 424; Knudson v. Curley, 30 Minn. 433, 15 N. W. 373.

In an action under the statute to determine adverse claims to real property, the defendant is called upon by his answer to disclose the na-

ture of his claim which thereupon becomes the subject of the action. Stuart v. Lowry, 49 Minn. 91, 51 N. W. 662; School Dist. v. Hefta, 35 N. D. 637, 160 N. W. 1005. In this last case this court held that the answer of Peter Hefta was the commencement of an action by him to establish his claim of title to the land. His claim of title was held void because his answer was not served within twenty years after the cause of action accrued.

In this action the defendant is in reality the plaintiff, and his position is precisely the same as if he had commenced the action without any challenging to do so.

In the plaintiff's record of chain of title there is an apparent flaw or defect. The mortgagee transferred its mortgage to one Turner, with a guaranty of payment, and, as no payment was ever made, the mortgagee had to return Turner's money and take back the mortgage, which was in effect the same as canceling the transfer to Turner. The defect in the foreclosure is that there was no record of the reassignment to the mortgagee. In all other respects the foreclosure was regular.

The statute is that to entitle a party to a foreclosure by advertisement it is requisite that the mortgage has been duly recorded and that all the assignments have been duly recorded; but when the reason of a rule ceases so does the rule itself. The purpose of this rule is to give notice to the mortgagor and to a purchaser at the same time that the party attemping to foreclose has a right to do so, as the mortgagee is the only purchaser at a foreclosure sale. The main purpose is to give notice to him, but in this case the mortgagor, Brown, had ample notice. He knew that he had given the mortgage on December 24, 1883, to secure $450, with interest at 6½ per cent payable annually, and that he never paid a cent on the mortgage or the taxes, excepting interest for two years. He knew that on March 6, 1886, he gave to Altman & Company a second mortgage on the same land to secure $185, and did not pay it. He knew that his mortgage became due on the 1st day of November, 1888, and that, if his mortgagees had obtained any money on the mortgage security, they were bound to refund it, and to take back their mortgage before the foreclosure in April, 1890. The record of the reassignment would have been of no possible benefit to Brown. He never looked for it. He would not have known anything about it. He knew that he had given the mortgagee the absolute power to sell and convey

and take possession of the land. His conduct shows that he concluded to let the land go for the two mortgages, and so for twenty-two years he lived within a mile of the land, and never challenged the title of those who held possession under the mortgagee. During all of that time the mortgagee and its grantees have paid the taxes for some twenty years. They have cultivated 60 acres on the east side of the quarter, and they have had 100 acres inclosed by a three-strand barbed-wire fence. They have been in possession of the land in good faith under color and claim of title. Soon after the foreclosure Brown removed from and gave up the land. In 1901 Albert Hilton took possession as a purchaser, and in 1904 the mortgagee made to him a warranty deed. In June, 1905, he conveyed the land by warranty deed to the husband of the plaintiff. This leads to the conclusion that defendant has no title to the land.

But regardless of the foreclosure proceedings, it appears beyond all question that for more than ten years prior to the time defendant served his answer, plaintiffs were in possession of the land under the Brown mortgage and conveyances, which gave them the right to the possession. Hence Brown's only remedy was by bill as counterclaim in the nature of an action to redeem.

On the argument, counsel for defendant took the position that, in case of a decision against him, it would be in furtherance of justice to remand the case for trial on an amended answer in the nature of a bill to redeem. To this the answer is:

1. The defendant has no equity which appeals to the court.

2. It is clear that any defense in the nature of a bill to redeem is barred by statute. Nash v. Northwest Land Co. 15 N. D. 566, 108 N. W. 792.

In a recent case above cited, this court considered the nature of an action to determine adverse claims to real property, and held that the answer of the defendant is the commencement of an action by him to establish his claim or title to the land; that the defendant becomes in effect the plaintiff in the action and tenders the issues, and the plaintiff defends against the issues tendered by the defendant in his counterclaim or cross complaint. In School Dist. v. Hefta, supra, this court held that the answer of Peter Hefta was the commencement of an action by him to establish his claim of title to the land, and his claim of title was held void because his answer was not served within twenty years

38 N. D.—39.

after the cause of action accrued. Hence were the case remanded for defendant to present a claim or bill to redeem, the service of his answer would be in effect the commencement of an action by him to redeem.

In Page v. Smith, 33 N. D. 369, 381, 157 N. W. 477, there is some *dictum* to the contrary, but it was an argument outside of the merits of the case.

Judgment affirmed.

## On Petition for Rehearing.

PER CURIAM: The counsel for the appellant has filed a petition for rehearing, in which it is urged that important questions presented by the record have not been decided, or, if decided, that the decision is erroneous. It is urged that the foreclosure of the mortgage was valid by reason of the fact that the assignment had not been recorded. Conceding this to be the law, it is still true that one who goes into possession of land under a sheriff's deed, issued in pursuance of a void foreclosure, is in possession under color of title. The real question, then, under the record in this case, is as to the effect of the Statute of Limitations. Possession under color of title is adverse as to all the world. And this is true, even though the foreclosure be void. 1 Cyc. 1093. This character of possession sets in operation the Twenty-year Statute, Comp. Laws 1913, §§ 7363–7367. If, however, the possession be considered as having been taken under the terms of the mortgage, then the plaintiff's right is an equitable right to redeem his title from the effect of the mortgage, and is barred under the Ten-year Statute. Comp. Laws 1913, § 7381; Nash v. Northwest Land Co. 15 N. D. 566, 108 N. W. 792; Miner v. Beekman, 50 N. Y. 337; Hubbell v. Sibley, 50 N. Y. 468; Houts v. Hoyne, 14 S. D. 176, 84 N. W. 773), which, however, this qualification, rendered necessary in this jurisdiction by the doctrine of Nash v. Northwest Land Co. supra, that the mortgagee in possession has held adversely. See also Trimm v. Marsh, 54 N. Y. 599, 13 Am. Rep. 623, note in 46 L.R.A. (N.S.) 506.

The facts disclosed by the record warrant a finding that the claim of the defendant was barred by the adverse holding of the plaintiff, not only for ten years, but for more than twenty years. The mortgage was foreclosed in 1890, and Brown testified that he first learned of the fore-

closure in the fall, after it was completed; whether after the sale or after the issuance of the deed is immaterial. He said that a man came and told him that the mortgage had been foreclosed and that the mortgage company owned the land. He admitted that he never knew he had any title to the land from the time he was told of the foreclosure until he consulted his attorney after the starting of this action. He admitted that from the time he was notified of the foreclosure until after the starting of this action, he had taken no steps whatever to assert any rights he may have had in the land. He had not pastured the land, nor farmed it, nor had he objected when he saw others doing so, although he had lived in the vicinity all of the time. While the direct evidence, as to the change of possession immediately following the foreclosure, is not of a conclusive character, the conduct of Brown in relation to the land during all the years intervening is only consistent with an absolute change of possession following the notice to him that the mortgage had been foreclosed. But even if there were any doubt as to the change of possession following immediately upon the issuance of the sheriff's deed, there can be no doubt whatever that Brown knew that Hilton, Steinwand's grantor, and Steinwand were holding the land as their own, under color of title, for more than ten years previous to the bringing of this action. The evidence shows that the land was cropped annually, beginning in 1894, by different persons having no relation with Brown; that Hilton cropped the land in the years 1901-2-3 and 4, and that he sold it to Steinwand in 1905 with the crop on it; that in 1903 he fenced part of the land; that he was in possession under a contract with the Colonial & U. S. Mortgage Company, and that, during all this time, Brown lived in the vicinity and asserted no claim to the land.

The contention that the Ten-year Statute could not apply as to the counterclaim set up by the defendant is held in the main opinion herein to be without merit. It is well settled that a title which may not amount to a fee simple legal title comes under the protection of such a statute as § 7381, Comp. Laws 1913, and that, where a title or right is thus protected, it affords a proper foundation for affirmative action to protect it from the cloud of a legal title which can no longer be successfully vindicated. Such a statute is more than a statute of repose. See authorities cited in the note in 46 L.R.A.(N.S.) 506. To the extent

that the *dictum* in the case of Page v. Smith, 33 N. D. 369–381, 157 N. W. 477, appears to announce a contrary doctrine, it is overruled.

The rehearing is denied.