CARL MUELLER, Plaintiff and Respondent, v. PAUL BOHN, Sr., et al., Defendants, and STONE-ORDEAN-WELLS COMPANY, a Corporation, Defendant and Appellant.

(171 N. W. 255.)

**Recording of instruments — purpose of statutes requiring registration — effect on party in possession of actual or constructive notice — good faith.**

The purpose of the registration statute is merely to give subsequent purchasers and creditors a ready means of seeing the records of prior conveyances. When a person is in possession under a conveyance, or where a party has actual or constructive notice of the same, then the recording statute does not apply. Good faith means good faith; it means an honest intention to abstain from taking an unconscientious advantage of another, even through the forms and technicalities of the law.

Opinion filed February 7, 1919.

Appeal from a judgment of the District Court of Hettinger County, Honorable *W. C. Crawford,* Judge.

Affirmed.

*Jacobson & Murray,* for plaintiff and respondent.

"If there was any defect in description on record the fact that description referred to the plot would cure it, because when an instrument refers to a plot that plot becomes a part of the description." Boise City v. Hon. (Idaho) 94 Pac. 167; McCullough v. Olds (Cal.) 41 Pac. 420; Peoria Gas & E. Co. v. Dunbar (Ill.) 85 N. E. 229; Park Comrs. v. Taylor (Iowa) 108 N. W. 927; Neumeister v. Goddard (Wis.) 103 N. W. 241; Zuleger v. Zeh (Wis.) 150 N. W. 406; Pittsburg, C. C. & St. L. R. Co. v. Beck (Ind.) 53 N. E. 439.

"Instruments affecting real estate the description of the property in which was more erroneous and more vague than the mortgage in question, have been uniformly held good by the courts even as *against* innocent purchasers." Leonard v. Osborn (Cal.) 146 Pac. 530; Rogers v. McCartney (Cal.) 84 Pac. 215; 22 Cyc. 1086, 1093; Ford v. Ford (S. D.) 124 N. W. 1108; Smith v. Johnson (S. D.) 138 N. W. 21; Chadron Loan & Bldg. Asso. v. Hamilton (Neb.) 63 N. W. 808; Wetzler v. Nichols (Wash.) 101 Pac. 867; Loomis v. Chicago & N. W. R. Co. (S. D.) 141 N. W. 386; Bitney v. Grimm (Or.) 144 Pac. 490; Flegel v. Dowling (Or.) 102 Pac. 178; Reeder v. Reeder (Or.) 135 Pac. 176; House v. Jackson, 32 Pac. 1027; McMillan v. Batten, 96 Pac. 673; Tuthill v. Katz (Mich.) 128 N. W. 757; Sylvester v. State, 91 Pac. 15; Hall v. Bartlett (Cal.) 112 Pac. 176.

"If the defendant has actual knowledge, as in this case of property covered by mortgages, he is not a good-faith creditor." Illvedsen v. First State Bank of Bowbells, 24 N. D. 227; Gress v. Evans, 1 Dak. 371, 36 L.R.A.(N.S.) 1124.

"In this kind of action it is incumbent upon the defendant to not only allege, but to prove, the facts constituting his lien." Erum v. Weaver (S. D.) 83 N. W. 579; 32 Cyc. 1369, Comp. Laws 1913, §§ 7691, 8153; Locke v. Hubbard (S. D.) 69 N. W. 588; Cummings v. Duncan, 22 N. D. 534; 23 Cyc. 1353.

*Thomas H. Pugh* and *Otto Thress,* for defendant and appellant.

"The burden of proving any kind of notice to appellant is upon the

plaintiff, who makes the allegation of notice." 21 Am. & Eng. Enc. Law, 589.

"Every conveyance not recorded shall be void as against subsequent purchase in good faith." N. D. Comp. Laws, § 5594; Enderlin v. Hordhagen, 18 N. D. 517, 123 N. W. 390; Ildvedsen v. First State Bank, 24 N. D. 227, 139 N. W. 105; Goss v. Herman, 20 N. D. 295, 127 N. W. 78; 19 R. C. L. 288; Note in 137 Am. St. Rep. 254; see 19 R. C. L. 289; Herman v. Deming, 44 Conn. 124.

"If the description of the instrument is so defective and inaccurate that the subject of the grant is not properly indicated, the legal title will not pass, and it will not be constructive notice to a subsequent purchaser." Roberts v. Grace, 16 Minn. 134, Gil. 115; Simmons v. Fuller, 17 Minn. 485, Gil. 462; LeNeve v. LeNeve, 2 Lead. Cas. in Eq. 127, 179; Bailey v. Galpin (Minn.) 41 N. W. 1054; Frost v. Beekman, 1 Johns. Ch. 288; Thorpe v. Helmar (Ill.) 113 N. E. 954; Merchants & Laborers Bldg. Asso. v. Scanlan (Ind.) 42 N. E. 1008; Bernhardt v. Reifers (Ind.) 64 N. E. 459; 27 Cyc. 1209; 18 Am. & Eng. Enc. Pl. & Pr. 793; 34 Cyc. 924, ¶¶ 2, 940, 941, 953, 954; 24 Am. & Eng. Enc. Law, 655; 15 R. C. L. 814, §§ 280–282; Williams v. Hamilton (Iowa) 65 Am. St. Rep. 475, note p. 503; Femberg v. Stearns (Idaho) 131 Am. St. Rep. 119; Western Chemical Co. (Colo.) 107 Pac. 1081; Bank of Ada v. Gulikson (Minn.) 66 N. W. 131.

ROBINSON, J. This is a statutory action to determine an adverse claim to land. In such an action the complaint is a mere challenge to defendant to set forth and establish his adverse claim, or to abandon it. Defendant becomes practically the plaintiff and takes the affirmative in pleading and proof. Steinwand v. Brown, 38 N. D. 607, 166 N. W. 129. The complaint in this case merely avers that the plaintiff owns block forty-three in the village of Mott, and in Brown's second addition to Mott, and that the defendant claims some title or interest in the same adverse to the plaintiff. The answer, which is the real complaint, avers: That some time in the year 1911, the defendant Paul Bohn became the owner of the premises described in the complaint and was the owner thereof until May 1, 1917; that on August 13, 1914, this defendant recovered judgment against said defendant, Paul Bohn, Sr., for the sum of $1,796.20, and judgment was there-

after, on August 20, 1914, docketed in the office of the clerk of the district court of Hettinger county, and that the same is a valid lien against the premises.

The reply, or answer, expressly denies that the judgment and lien mentioned in the answer is superior to the rights and claims of this plaintiff, and alleges that it constitutes only a cloud upon the title. However, that is an admission of the judgment and the docket.

As the record shows, in October, 1910, William Brown, the owner of block forty-three, conveyed the same to Paul Bohn, Sr. Then, in December, 1911, Paul Bohn conveyed the same by mortgage deed to one Trousdale to secure $2,600 and interest. Trousdale assigned the mortgage to the First National Bank of Mott. It assigned the same to Carl Mueller, who foreclosed and obtained a sheriff's deed to the block. On February 1, 1914, the senior Bohn conveyed the block to a junior Bohn, and it appears the conveyance was made in good faith and for a valuable consideration, and the grantee at once took and retained possession of the block. Subsequently, on August 14, 1914, the appellant recovered and docketed the judgment as alleged. The claim of appellant is that its judgment is a prior lien, because that in the mortgage and in the deed made by Paul Bohn, Sr., the block was not sufficiently described. However, in each of said conveyances the description was block 43, in the village of Mott, as the same is laid down and described in the plat of said village, on file in the office of the register of deeds of Hettinger county; and as the trial court found, in the village of Mott there is only one block 43, and it is in the village of Mott and in Brown's second addition to the village; and at the time of docketing the judgment appellant had actual notice of the mortgage. At the time of filing the mortgage the village was new and small, and there was no possibility of mistaking the description. All the conveyances affecting block 43 were properly entered in the tract index. The credit man of appellant went to block 43, on which Bohn kept a livery stable and an implement house, and there requested Bohn to give him security on the block. However, he testifies that he had no knowledge of the mortgage or of the platting of the village of Mott. Still, he must have known where to find the plat, and it was not for him to shut his eyes and say that he did not see. By statute a register of deeds must keep a numerical index of deeds and mortgages. Sec-

tion 3332. He must keep a grantor and grantee index. Section 3334. In the numerical index under block 43 of Mott, the register of deeds made entry of all deeds and mortgages affecting that block. By looking at the index of grantors and grantees and the numerical index, a person would discover in a minute the mortgage in question, and that there was only one block 43 in the village of Mott, and in Brown's second addition; that said block 43 had been conveyed to Paul Bohn, and that he had given the mortgage and had parted with title before the docketing of the judgment.

The purpose of the registration statute is merely to give subsequent purchasers and creditors a ready means of seeing the record of prior conveyances. But actual notice of a conveyance or possession by the grantee has the same effect as the recording of the conveyance. A person cannot be a good-faith purchaser or encumbrancer of land against a party who is in actual possession, or when he has notice of facts or circumstances sufficient to put him upon inquiry. Good faith means good faith; it means an honest intention to abstain from taking an unconscientious advantage of another, even through the forms and technicalities of the law.

Judgment affirmed.

GRACE and BRONSON, JJ., concur in the result.

CHRISTIANSON, Ch. J. (concurring specially). I concur in an affirmance of the judgment. I am inclined to agree with Mr. Justice ROBINSON that under the facts in this case the description was sufficient. But in any event there was evidence tending to show, and the trial court expressly found, that the judgment creditor at all times had actual knowledge of the existence of the mortgage upon the premises. This would of course render the lien of the judgment subordinate to the lien of the mortgage.