AUGUSTA SCHOENHERR, Respondent, v. FRED HENSCHEL, Herbert Henschel, Robert Henschel, Mary Henschel, Clara Henschel, Vila Buck, All Heirs, Devisees, Legatees or Personal Representatives of William Henschel, Deceased, and of Augusta Buck, Deceased, and All Other Persons Unknown Claiming any Estate in or Interest in or Lien or Encumbrance upon the Property Described in the Complaint, Appellants.

(220 N. W. 837.)

Opinion filed July 28, 1928.

*Pierce, Tenneson, Cupler & Stambaugh,* for appellants.

*J. F. Callahan,* for respondent.

NUESSLE, Ch. J. In April 1926, plaintiff began this action to quiet title in herself to certain lands in Cass county. The complaint, in addition to the usual allegations, sets forth:

"That she has been in actual open, adverse and undisputed possession of said premises under claim of such title for a period of more than twenty years last past and has paid all taxes and assessments legally levied on said premises during said period."

The defendants, answering, deny the claim of the plaintiff; allege that they are the owners of title in fee to the premises; and pray for judgment dismissing the action. This case was tried and the court made findings of fact and conclusions of law favorable to the plaintiff and ordered judgment in accordance with the prayer of the complaint. From the judgment entered on this order the defendants appeal and demand a trial de novo in this court.

The plaintiff is an elderly woman with no education and little knowledge of business. She does not read or write English and speaks and

understands it only indifferently. In 1899 she bought the land in question and took the deed to herself. This deed was duly recorded. Thereafter she and her husband lived continuously thereon until his death in 1925. She continued to reside on the premises thereafter. Her husband was a poor business man and improvident. Several mortgages were placed upon the property shortly after she bought it and foreclosure was threatened. In 1902, she gave a quitclaim deed to her brother William Henschel. This deed recited a consideration of $500. At the time it was executed there were outstanding against the property a first mortgage of $1,500 and several small mortgages. Two of these mortgages were later foreclosed. In 1905, William Henschel made a new mortgage against the premises for $2,500 which is still unsatisfied. The plaintiff received none of the proceeds from this mortgage. The fair inference is that the money was used in paying off the $1,500 mortgage which was then discharged and in reimbursing Henschel for other expenditures incurred in protecting the title. The plaintiff has at all times since 1899 openly occupied and exercised full dominion over the property. During all of the time she has been in possession of it she has farmed all of it and retained the proceeds of the crops raised thereon. In 1907, the land had been sold at tax sale and redemption was made by Henschel. Except for this instance plaintiff paid or caused to be paid all of the taxes. She paid the interest as the same fell due on the $1,500 mortgage and on the $2,500 mortgage. She made various improvements upon the property, including buildings of considerable value. Henschel, at the time he took the deed and on various occasions afterwards, said that he did so to protect his sister, the plaintiff, against the improvidence of her husband and to prevent its dissipation by him, and that the land, though standing in his name, was in fact hers. He further said:

"I am only taking this land for Augusta (the plaintiff) so that Julius (her husband) can't mortgage it or talk her into mortgaging it. You know what he did before."

Henschel died some ten years prior to the initiation of the present action. At the time of his death title stood in his name on the records through the deed given by plaintiff in 1902. The defendants as his heirs claim under this deed.

Plaintiff advances two theories in support of her demand for relief.

First, that she is in fact the owner of the property and that Henschel held the title for her in order to protect her against the improvidence of her husband and, second, that in any event she has occupied the property openly, adversely, and continuously for more than twenty years and thus has acquired title by adverse possession. On the other hand, the defendants contend that the deed from plaintiff to Henschel was regular and purported to convey and did convey title to him; that no parol evidence was admissible to indicate the purpose for which the deed was executed and delivered; that to receive such evidence would tend to vary and contradict the terms of the written instrument. With respect to the claim of adverse possession, it is urged that there is no evidence to show that plaintiff occupied the premises under a claim of ownership adverse to Henschel; that the fact that she paid interest and taxes is not sufficient to establish adverse possession; that plaintiff's possession and occupancy were permissive and that she could not and did not acquire any rights by reason thereof as against Henschel or his heirs.

On the trial of the case when plaintiff was on the stand, defendants objected to her testifying as against them regarding the transaction with Henschel or any statements relating to the matter made by him, on the ground that such testimony was inadmissible under the provisions of subd. 2 of § 7871, Comp. Laws 1913, which provides:

"In (a) civil action or proceeding by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party. . . ."

This objection was clearly good and the plaintiff's testimony with respect to these matters was inadmissible. So we have no evidence from the plaintiff herself as to any arrangement that she may have made with Henschel respecting the giving of the deed in question or what she may have said or done in the way of asserting her claim as against him. No testimony was offered at the trial on behalf of the defendants. They stand upon the proposition that the plaintiff has not made a case entitling her to the relief she demands upon either theory of her case.

Without passing upon the question as to whether parol evidence is admissible to establish that the deed was given merely as a cover and for the purpose of protecting the plaintiff and that it was not intended thereby to convey title to Henschel, it seems to us that the judgment must be affirmed on the theory that the plaintiff has established title through adverse possession. See Comp. Laws 1913, §§ 7362, et seq.; Steinwand v. Brown, 38 N. D. 602, 166 N. W. 129; Martin v. O'Brien, 42 N. D. 306, 173 N. W. 809. The evidence of third persons proffered by the plaintiff as to Henschel's declarations and statements that the land belonged to plaintiff and that he had taken the title merely for her protection was properly received, not for the purpose of varying or contradicting the terms of the deed, but for the purpose of showing the character of the plaintiff's possession and occupancy, and that it was adverse to Henschel and not merely permissive on his part. Unquestionably, plaintiff has been in open, notorious, distinct and hostile occupancy and possession of the premises at all times since 1899. Though she gave the deed to Henschel in 1902 she continued to occupy and use the premises as her own. While the statute, § 7871, supra, forbids any testimony on her part as to her assertion of claim to the land as against Henschel, nevertheless the circumstances established do this beyond any question. Nor can the defendants' contention that her occupancy and possession was permissive only be sustained. Henschel's own statements and declarations established the contrary. They constituted a recognition by Henschel that she was occupying the premises as her own under a claim of right. They did more than this —they were an acknowledgment by Henschel that the property was her property. Plaintiff's occupancy continued for a much longer period than the twenty years required by the statute. The facts, that plaintiff acquiesced in the action of Henschel in mortgaging the premises in 1905, and that she thereafter paid the interest on this mortgage as the same fell due, are not persuasive against her. Such conduct on her part was wholly consistent with her claim of ownership of the property and consistent with Henschel's statements respecting that ownership. See Freeman v. Funk, 85 Kan. 473, 46 L.R.A.(N.S.) 487, 117 Pac. 1024.

The judgment of the district court was right and must be affirmed.

BIRDZELL, CHRISTIANSON, BURKE, and BURR, JJ., concur.