## E. H. CARTER v. ALBERT J. CARTER.

Opinion filed January 26, 1905.

**Resulting Trust — Evidence.**

> 1. To establish a resulting trust in real property by parol testimony the evidence must be clear, convincing and satisfactory, and of such a character as to leave in the mind of the judge no hesitation or substantial doubt.

**Res Judicata.**

> 2. A judgment in a former action between the same parties is not conclusive evidence in a subsequent suit on a different cause of action, unless it is made to appear that the particular question sought to be concluded was necessarily tried and determined in the former proceeding.

Appeal from District Court, Richland county; *Fisk, J.,* presiding by request.

Action by E. H. Carter against Albert J. Carter. Judgment for defendant and plaintiff appeals.

Affirmed.

*C. E. Wolfe* and *McCumber, Forbes & Jones,* for appellant.
*Purcell, Bradley & Divet,* for respondent.

ENGERUD, J. This is a suit in equity to establish title to a tract of real property by virtue of a resulting trust. The trial court found the facts against the plaintiff, and ordered judgment dismissing the action. The plaintiff appeals from the judgment under section 5630, Rev. Codes 1899, and demands a review of the whole case.

The plaintiff asserts that the land in question was bought and paid for by him, but was conveyed to the defendant pursuant to a verbal agreement between them to the effect that the defendant should hold the title in trust for the plaintiff. If any trust was created, it was an implied trust, resulting from the payment of the purchase price by plaintiff. "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." Rev. Codes 1899, section 3386; Smith v. Security Loan & Trust Co., 8 N. D. 451, 79 N. W. 981. An express trust in relation to real property cannot be created by oral agreement. Rev. Codes 1899, section 3385. The evidence

as to the alleged oral agreement therefore was admissible only so far as it tended to throw light on the pivotal question as to whether the purchase price was paid by or for the plaintiff. On this crucial question the evidence is in irreconcilable conflict. It would serve no useful purpose to state it in detail. Suffice it to say that the plaintiff positively asserted that he furnished the money to buy the land, and that the defendant agreed to take the conveyance to himself in trust for plaintiff. The defendant just as positively denies any such arrangement, and claims that the plaintiff temporarily advanced to defendant the amount required to buy the land, and that such advancement was repaid to plaintiff from the proceeds of a loan secured by mortgage of the land given by defendant and negotiated by plaintiff. Each party introduced testimony as to alleged admissions of the other, and circumstances which tended to corroborate his own testimony and discredit that of the other. These admissions were merely casual remarks claimed to have been made to or in the hearing of witnesses, and these remarks, as well as the circumstances, even if they were undisputed, are not of such a character as to necessarily discredit the party against whom they were proven. In order to overthrow the presumption in favor of defendant's title in a case such as this, the plaintiff must have more than a preponderance of evidence. The proof must be "clear, specific, satisfactory, and of such a character as to leave in the mind of the chancellor no hesitation or substantial doubt." Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58; Riley v. Riley, 9 N. D. 580, 84 N. W. 347; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576. This case is one which depends wholly on the credibility of witnesses. The trial judge saw and heard all the witnesses except one testify. Under such circumstances the findings of the trial court are entitled to some weight. Nichols v. Stangler, 7 N. D. 102, 108, 109, 72 N. W. 1089; State v. McKnight, 7 N. D. 444, 75 N. W. 790. In view of his opinion as to the relative credibility of the witnesses before him, the record does not convey to us proof of such a clear and convincing character as to enable us to say without hesitation or doubt that the allegations of the complaint are established.

. Appellant contends, however, that the question upon which this case hinges has been decided in his favor in a former action. Before this action was tried, there was another action pending between the same parties, in which the appellant sued the respondent

to recover money alleged to have been paid out and expended for the use and benefit of the defendant for building materials, labor, etc., in the improvement of defendant's homestead which adjoined the land now in controversy. In that case it seems it was asserted by the plaintiff and denied by the defendant that the land now in question belonged to plaintiff, and that the mortgage executed thereon by defendant was in fact for plaintiff's benefit, and hence the proceeds belonged to the latter. Some of this money was used to pay for improvements on the homestead, and plaintiff claimed credit therefor. The jury returned a verdict for $500 in plaintiff's favor, and judgment was entered on the verdict before the present action was tried. Appellant argues that, inasmuch as that verdict was a finding in his favor on all the issues, the judgment in that action conclusively establishes all the facts with respect to which there was a dispute in that case. That argument is utterly untenable. "The conclusive effect of a judicial decision cannot be extended by argument, inference or implication to matters which were not actually heard and determined. * * * Collateral or incidental questions which must naturally arise in and during the litigation of every controversy do not become a part of the action by being given in evidence, or because they are brought to the notice of the court." Herman on Estoppel, section 275. A judgment in a former action between the same parties is not conclusive evidence in a subsequent action between them on a different cause of action, unless it is made to appear that the particular controversy sought to be concluded was necessarily tried and determined. Packet Co. v. Sickles, 5 Wall. 580, 18 L. Ed. 550; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Dooley v. Potter, 140 Mass. 49, 2 N. E. 935; Kilander v. Hoover, 111 Ind. 10, 11 N. E. 796. There is no evidence in this case from which it can be determined whether the jury allowed or disallowed plaintiff's claim to a credit for the proceeds of the loan. The fact that the plaintiff in that case claimed expenditures, including the proceeds of the mortgage, aggregating $2,493.56, and the jury allowed only $500, seems to point strongly to the inference that they rejected plaintiff's claim to the proceeds of the mortgage.

The judgment is affirmed. All concur.