(117 N. W. 857.)

---

ALICE STILES v. SEYMOUR GRANGER, ET AL.

Opinion filed September 4, 1908.

**Adverse Possession — Color of Title — Invalid Tax Deed.**

1. Appellant purchased a quitclaim deed for the land in controversy from one Bowdle in August, 1890. The only title possessed by Bowdle was derived from a deed under sale for taxes for the year 1886. It is contended that such tax deed is invalid. Without determining this question, but conceding for the purposes of this case that it is invalid, and following Power v. Kitching, 10 N. D. 254, 86 N. W. 737, 88 Am. St. Rep. 691, it is *held* that the title so obtained by appellant is adequate as foundation for title in the appellant under section 4928, Rev. Codes 1905, which reads: "All titles to real property vested in any person or persons who have been or hereafter may be in actual, open, adverse and undisputed possession of the land under such title for a period of ten years, and shall have paid all taxes and assessments legally levied thereon, shall be and the same are declared good and valid in law, any law to the contrary notwithstanding."

**Same — Evidence — Action to Quiet Title.**

> 2. Appellant took possession of the premises described in the deed above referred to and placed the same under cultivation in 1891, and his possession and cultivation thereof have been continuous since 1891, and he paid all taxes and assessments levied thereon between the years 1890 and 1905, and while so in possession of said land. *Held,* that these facts are a complete defense to an action to quiet title, brought by one holding the record title from the Northern Pacific Railroad company, under a deed from that company executed, delivered and recorded in 1879; none of the parties through whom plaintiff's title came having ever been in actual possession of the premises.

**Same — "Payment" of Taxes — Owner's Purchase at Tax Sale.**

> 3. The appellant, during a long absence when traveling for his health, directed an agent to pay the taxes on the land in question, and other land owned by him assessed against it in the year 1897. By a mistake or oversight of the agent, and contrary to his instructions, instead of paying them in the usual manner, he purchased the land at tax sale in the name of the appellant. Appellant paid all subsequent taxes assessed prior to the bringing of this suit, and did not procure a tax deed under the certificate so obtained by such sale. *Held,* in the absence of any question of good faith on the part of appellant, that such purchase was void, and operated as a "payment" within the requirements of section 4928, Rev. Codes 1905.

**Same — Recognition of Title — Negotiations to Quiet Title — Effect.**

> 4. The title to the land in controversy ripened in appellant after the payment of ten years' taxes, and possession during the same period, and such title is not affected by any subsequent negotiations which he may have had with the respondent for the purpose of quieting his title.

Appeal from District Court, Barnes County; *Burke, J.*

Action by Alice Stiles against Seymour Granger and others to determine title to land. Judgment for plaintiff, and defendant Granger appeals.

Reversed, and judgment for defendant.

*Page & Englert,* for appellant.

Failure of true owner to assert title within the statutory period, makes the adverse occupant owner against all others. Mayberry v. Willoughby, 5 Neb. 368; 1 Cyc. 1084; 1 Enc. Ev. 669; Probst v. Trustees, 129 U. S. 182, 9 Supt. Ct. Rep. 263; Murray v. Romine,

82 N. W. 318; Moore v. Brownfield, 34 Pac. 199; Wood v. Railway Co., 11 Kan. 324; Gildehaus v. Whiting, 18 Pac. 916; Anderson v. Burnham, 34 Pac. 1056; Ward v. Nestell, 71 N. W. 593; Falloon v. Simshouser, 22 N. E. 835; Sheriff v. Frecking, 11 N. Y. Supr. Ct. 452; Elder v. McClusky, 70 Fed. 529; Roots v. Beck, 9 N. E. 698; Hapgood v. Burt, 4 Vt. 155; Carpenter v. Coles 77 N. W. 424; Seymour, Sabin & Co. v. Carli, 16 N. W. 495; Maas v. Burdetzke, 101 N. W. 182; Nash v. N. W. Land Co., 15 N. D. 566, 108 N. W. 792; Revised Codes N. D. 1905, section 6781.

Actual possession is the exercise of dominion over the land as if owned by the person so exercising. Village of Glencoe v. Woodsworth, 51 N. W. 377; Cook v. Clinton, 31 N. W. 317, 8 Am. St. Rep. 816; Copeland v. Murphy, 72 Tenn. 64; Wright v. Phipps, 90 Fed. 556; Batz v. Woertel, 89 N. W. 516; Lotta v. Clifford, 47 Fed. 614; Webber v. Clark, 15 Pac. 431; Crawford v. Galloway, 45 N. W. 628; Collette v. Vanderburgh, 4 L. R. A. 321.

Where a possessor of land buys at a tax sale, such purchase is a payment of the tax. Smith v. Lewis, 20 Wis. 350; Petty v. Mays, 19 Fla. 652; Lewis v. Ward, 99 Ill. 525; Christie v. Fisher, 58 Cal. 256; Swan v. Rainey, 27 S. W. 240; Murphy v. Redeker, 94 N. W. 697; Wambole v. Foote, 2 Dak. 1, 2 N. W. 239; Desty on Taxation, volume 2, page 929.

Occupant's knowledge of defective title does not prevent acquisition by adverse possession. Carpenter v. Coles, 77 N. W. 424; Searl v. School Dist. No. 2, 133 U. S. 553; Lampman v. Van Alstyne, 69 N. W. 171; Keppel v. Dreier, 58 N. E. 386; Warren v. Bowdran, 31 N. E. 300; 1 Enc. Ev. 691.

May buy out standing interest to confirm his title by adverse possession. Myer v. Hope, 77 N. W. 720; Elder v. McLusky, 70 Fed. 529; Barnes v. Barnes, 85 N. W. 629; Wiese v. Union Pac. Ry. Co., 108 N. W. 175; Sinder Manf. Co. v. Tillman, 21 Pac. 818; Mather v. Walsh, 17 S. W. 755; Owens v. Myers, 57 Am. Dec. 693; Burhous v. Van Zandt, 7 Bush. 91.

Title acquired by adverse possession is not forfeited by subsequent interruption or act. Hoffman v. White, 7 So. 816; Carter v. Chevalier, 19 So. 798; LeRoy v. Rogers, 30 Cal. 229, 89 Am. Dec. 88; Gage v. Hampden, 127 Ill. 87, 20 N. E. 12; Bank v. Fife, 8 S. W. 241.

*Theodore S. Lindland,* for respondent.

While United States holds title, there can be no adverse pos-session. N. P. R. R. Co. v. Traill Co., 115 U. S. 600, 29 L. Ed. 477; Krueger v. Schulz, 6 N. D. 310, 70 N. W. 269; 1 Am. & Eng. Enc. Law, (2d Ed.) 875-6.

Where the instrument of title is procured with knowledge of its invalidity, the grantee does not occupy under color of title. 1 Am. & Eng. Enc. Law, (2d Ed.) 868, 88 Am. St. Rep. 713.

Permitting land to be sold for taxes and buying at the tax sale is not paying taxes. 1 Cyc. 1109; McDonald v. McCoy, 53 Pac. 421; Irving v. Brownell, 11 Ill. 402; Wetting v. Bowman, 47 Ill. 17.

SPALDING, J. Action to determine adverse claims to the SW¼ of the SW¼ of section 25, in township 142 N., of range 58 W., in Barnes county. The complaint is in the statutory form. The defendant Seymour Granger alone answers. He denies generally the allegations of the complaint, and that plaintiff has ever been the owner of the land described, or any part thereof, and sets up various forms of defense under the statute of limitations. The only one material to be considered is that he claims title by reason of having occupied, possessed, and paid the taxes on the land con-tinuously for more than ten years prior to the commencement of this suit under color of title by virtue of a tax deed based upon a sale for taxes of 1886; such deed having been issued on the 3d day of October, 1887, to one Bowdle, who quitclaimed to Granger on the 2d day of August, 1890, all his estate, right, title, interest, claim, property, and demand in and to said premises. This action was brought about May 12, 1905, and tried on the 17th day of Febru-ary, 1906. Judgment was entered for the plaintiff, quieting the title in her, on the 10th day of March, 1906. The defendant ap-peals, and demands a review of the entire case by this court.

The findings do not materially assist us in determining what the trial court found to be the facts. They are in the main conclusions of law. More or less evidence was submitted on all of the defenses raised by the answer, but it is unnecessary to consider any except the one above set out. It is shown that this 40-acre tract of land was included in the grant of the United States to the Northern Pacific Railroad Company to aid in the construction of its line of road. Patent was issued to the railroad company August 22, 1884. November 10, 1879, the railroad company conveyed the premises to George Stiles and George C. Getchell. May 28, 1884, Stiles

conveyed an undivided half interest to Alice Stiles, his wife, the plaintiff and respondent in the present action. July 25, 1884, the interest of Getchell was sold on execution to Chas. V. Guy and Mary Ann Guy, his wife, and a sheriff's certificate issued and recorded on said date. January 17, 1905, the sheriff's certificate aforesaid was assigned to George Stiles, and February 14, 1905, a sheriff's deed was issued to him thereon. May 9, 1905, Stiles quitclaimed to the plaintiff and respondent, his wife, and on the same day Mary Ann Guy executed a quitclaim deed to her. This is in substance the chain of title through which respondent claims. Neither she nor any of her ancestors, predecessors, or grantors were ever in actual possession of the premises, or any part thereof, and never enjoyed any of the rents or profits therefrom, and never demanded the possession, or in any manner attempted to take possession of, or assume control over, such premises. October 12, 1889, a tax deed was executed to A. M. Bowdle, purporting to convey said premises pursuant to a sale thereof for taxes for the year 1886. August 2, 1890, Bowdle and wife conveyed by quitclaim deed all the interest acquired under such tax sale to the appellant. The appellant owns the land adjoining the tract in question on the east and west. His occupancy of a few acres of the tract in controversy dates back to 1883, and in 1891 he broke it all, except about five acres, which was unfit for cultivation, and has had thirty-five acres under plow continuously since then; some years cropping it himself, and other years renting it and receiving compensation for its use. The plaintiff Stiles, lived near the land with her husband. They passed by it frequently, and never objected to its use by the appellant. George Stiles in matters relating to it acted as agent for his wife, and he testified that he knew of its occupancy by appellant, but that it was vacant and unoccupied until and during the year 1889. Neither he nor his wife ever paid any taxes on the land until after title had ripened in Granger.

Section 4928, Rev. Codes 1905, reads: "All titles to real property vested in any person or persons who have been or hereafter may be in actual, open, adverse and undisputed possession of the land under such title for a period of ten years, and shall have paid all taxes and assessments legally levied thereon, shall be and the same are declared good and valid in law, any law to the contrary notwithstanding." This is the statute under which appellant makes his pricipal claim to title. It is shown by competent evidence that

.appellant paid the taxes each year upon the premises from 1889 to 1896, both inclusive; the taxes for the latter year having been paid by him September 22, 1897. The next year appellant was away from home traveling for his health, and left the payment of his taxes in charge of an agent, with instructions to pay those on this land. By an oversight or mistake of the agent they were not paid when due on this and some of the other lands to which he held title, but it was purchased in appellant's name in his absense by his agent, December 6, 1898, at tax sale. He regularly paid the taxes each year thereafter to and including the year 1905. No contention is made by respondent that appellant was not in possession and occupancy of the land during all these years, and her agent testified that no effort was ever made to get possession thereof, and there is nothing to show that Granger's right to possession or ownership was ever challenged by any one until about the time this suit was commenced. Appellant had made a loan upon this and other land. The mortgagee requested him to strengthen the title to this property, whereupon he telephoned to the husband of the respondent, and asked him for the address of Mrs. Guy, and informed him that he wished to see if he could get a quitclaim deed from her. He wrote to Mrs. Guy, but received no reply, and it appears that she deeded to Stiles immediately after this, and suit followed.

The first question for determination is whether the purchase at tax sale December 6, 1898, for the taxes of the year 1897, by the appellant, constitutes a payment within the meaning of the statute above quoted. Respondent urges that it is not a payment, and that the deed from Bowdle to appellant does not constitute such color of title as to bring appellant within the terms of the statute referred to. The appellant contends that it does constitute payment, and that the deed held by him is adequate title to sustain his defense. When the oversight occurred, and the land was accidentally sold to the appellant, he was in possession, claiming ownership, under his deed from Bowdle. It was his duty to pay the taxes. He had for many years recognized this duty, and had paid them each year, and continued to pay them subsequent to the sale. No question of good faith is involved. He held his certificate nine years after the sale without making application for a deed. The sale of land to the person claiming ownership and in possession, whose duty it is to pay the taxes, is void, and operates as a pay-

ment. The purchaser under such circumstances acquires no title by his purchase, and it is deemed to be only one method of paying the taxes. Good faith is presumed, in the absence of evidence showing the contrary. Christy v. Fisher, 58 Cal. 256, and cases cited; Smith v. Lewis et al., 20 Wis. 350; Bassett v. Welch, 22 Wis. 175; Whitney v. Gunderson, 31 Wis. 359 and 379; Murphy v. Redeker et al., 16 S. D. 615, 94 N. W. 697, 102 Am. St. Rep. 722; Swan et al. v. Rainey, 59 Ark. 364, 27 S. W. 240; Douglas v. Dangerfield, 10 Ohio, 152; Morrison v. Norman, 47 Ill. 477; Davis v. Hall, 92 Ill. 85. Respondent cites some early Illinois cases to the effect that a purchase at tax sale may not be a payment of the taxes, when made by the party in possession; but the court of that state fails to discuss the question, or the facts show that the good faith of the payment was involved, and that the purchase was made with the intention of acquiring a deed thereunder and with a hostile purpose. In Lewis v. Ward, 99 Ill. 525, the supreme court of that state says: "The law is well settled that certain persons, on account of their relations to the property or their obligation to pay the taxes thereon, are forbidden by the policy of the law to become purchasers of the lands at a tax sale. The rule admits of no exception that a purchase by one whose duty it is to pay the tax operates as a payment and nothing more." Had appellant intentionally omitted the payment of the 1897 tax, and purchased at the tax sale with the purpose of acquiring title under his purchase, a different case would be presented, and his good faith might well be questioned. Under the facts and circumstances of this case, we conclude that the purchase by the appellant was a payment of the taxes for the year 1897, within the requirement of section 4928, supra.

It is equally clear to us that the deed from Bowdle to Granger constitutes color of title, and brings Granger within the terms of section 4928, supra. The facts are almost identical in this respect with those in Power v. Kitching, 10 N. D. 254, 86 N. W. 737, 88 Am. St. Rep. 691. There is no suggestion in the record of any lack of good faith on the part of Granger in his assumption that his deed gave him title at the time he purchased it. While it may be conceded that the tax deed to Bowdle conveyed no title, yet the deed was delivered, as was also the deed from Bowdle to Granger, before the decision in Power v. Larabee, 2 N. D. 141, 49 N. W. 724, was rendered by this court, and the fact that both

parties may have misinterpreted the law prior to the decision of that case does not impeach their good faith. Respondent argues that, because the deed to Granger contains a clause limiting it to conveyance of the interest acquired by Bowdle under the tax deed mentioned, it appears that appellant did not rely on the deed, and that this is made more apparent because he took assignments at the same time of tax certificates for other years held by Bowdle, and still holds them. We are unable to construe these facts as supporting respondent's contention. The tax deed gave Bowdle color of title. His deed to Granger was an assignment of whatever right or title he acquired by the tax deed. If the deed gave Bowdle color of title, his grantee or assignee took the same title that Bowdle had held. Instead of being evidence that Granger did not rely on the tax deed to Bowdle, it appears, from the fact that he took no deed on the certificates, that he did rely upon the title acquired by the deed from Bowdle. Had he not relied upon such title, he would surely have taken deeds on the certificates.

The only remaining question which we deem necessary to notice is whether certain conversations or negotiations, if they may be called that, between Granger and Stiles, constitute a recognition of title in Stiles in such a sense as to defeat the claim of Granger under the statute. The authorities on this question are numerous, and it may be admitted that they are not in harmony; but the fact that these negotiations, the evidence regarding the nature of which is conflicting, were not had until after the title had ripened under the statute in Granger, eliminates this question. Cannon v. Stockton, 36 Cal. 535, 95 Am. Dec. 205.

The judgment of the district court is reversed, and the title is quieted in the appellant, Granger, as against all claims of the respondent and persons claiming under her. All concur.