ANNA BERNAUER, Respondent, v. McCAULL-WEBSTER ELEVATOR COMPANY, a Corporation, Appellant.

(171 N. W. 282.)

**Quieting title — resulting trust — burden of establishing resulting trust.**

1. In an action to determine adverse claims, where the plaintiff asserts a title as vendee, under a contract for a deed, and where the appellant under a general denial seeks to defeat the title of the plaintiff by reason of a resulting trust and a conveyance made to defraud creditors, it is incumbent upon the appel-

41 N. D.—36.

lant to establish such resulting trust or conveyance made to defraud creditors by clear, substantial, and satisfactory proof.

**Quieting title — contract for deed.**

2. *Held*, under the evidence, that the trial court properly quieted title in the plaintiff, as vendee, in a contract for a deed as against the claims of the appellant herein, asserting liens upon the premises involved made by a third party to whom the appellant asserted that the title in such contract for a deed inured by reason of a resulting trust, or by reason of the conveyance having been made to defraud creditors.

Opinion filed February 6, 1919.   Rehearing denied February 24, 1919.

Action to determine adverse claims.

Appeal from judgment rendered for plaintiff in District Court, Hettinger County, *Crawford, J.*

Affirmed.

*Thomas H. Pugh* and *Otto Thress,* for appellant.

"When a transfer of real property is made to one person and the consideration therefor is paid by another, a trust is presumed to result in favor of the person by or for whom such payment is made." Comp. Laws 1913, § 5365; See also 39 Cyc. 104, 124.

"Unless the plaintiff shows a legal title or equitable interest in the land, she is not entitled to judgment awarding her the land." Watt v. Morrow (S. D.) 103 N. W. 45; Comp. Laws, § 8144; Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 83 N. W. 245; Hannah v. Chase, 4 N. D. 351, 61 N. W. 18, 50 Am. St. Rep. 656; Galbraith v. Paine, 12 N. D. 164, 96 N. W. 258; Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77; Conrad v. Adler, 13 N. D. 199, 100 N. W. 722; Brown v. Comonow, 17 N. D. 84, 114 N. W. 728; 17 Enc. Pl. & Pr. 300.

"Plaintiff has no right to call on the defendant to establish his claim, lien, or encumbrance until she has established her own title." Conrad v. Adler, and Hannah v. Chase, supra.

"The general denial is sufficient to raise the issue both as to the plaintiff's title and her right to have it quieted as against defendant's claim. No question has been raised as to the sufficiency of the pleading." Larson v. Christianson, 14 N. D. 476, 106 N. W. 51; Hebden v. Bina, 17 N. D. 235, 116 N. W. 85; Pennie v. Hildreth, 81 Cal. 127, 22 Pac. 398; Adams v. Crawford, 116 Cal. 495, 48 Pac. 488; United

Land Asso. v. Improv. Co. 139 Cal. 374, 69 Pac. 1064, 72 Pac. 988; Redd v. Murray, 95 Cal. 48, 24 Pac. 841, 30 Pac. 132; Wheeler v. Paper Mills, 62 Minn. 429, 64 N. W. 920; O'Leary v. Schoenfield, 30 N. D. 374, 152 N. W. 679; 32 Cyc. 1359.

*Jacobson & Murray,* for respondent.

"The pleading of a lien is absolutely essential." Frum v. Weaverm (S. D.) 83 N. W. 579; Larson v. Christianson (N. D.) 106 N. W. 51

BRONSON, J. This is an action brought to determine adverse claims under the statute, § 8144, Comp. Laws 1913.

On October 11, 1915, the Moreau Lumber Company, the owner in fee of the farm lands involved, gave a contract for a deed to the plaintiff and respondent herein. Thereafter on April 27, 1916, Nick Hoffman and wife made a mortgage on the lands involved herein to the appellant, the McCaull-Webster Elevator Company.

In this action, the appellant, in its answer, sets forth only a general denial. Upon the trial, another action, with said Moreau Lumber Company as plaintiff and Anna Bernauer, the respondent and appellant herein, and others as defendants, was consolidated with this action and tried together. The district court, pursuant to findings made, rendered a separate judgment in this action quieting title in the plaintiff as the equitable owner of the premises herein, and adjudging the mortgage as well as other liens in favor of such appellant by said Nick Hoffman to be invalid as against the title of the plaintiff.

At the trial it was stipulated that the Moreau Lumber Company was the owner of the premises involved, and that the lien of the appellant, if any, was subordinate to the rights of such Moreau Lumber Company. The appellant herein prosecutes this appeal, and demands a trial *de novo* in this court challenging the judgment of the trial court, upon grounds that the plaintiff has failed to establish in the record her title to the premises; that the contract for such deed was made to said plaintiff in trust for Nick Hoffman; and that, further, such contract is void, because made to defraud creditors. In this action appellant has not demanded that its rights and claims be determined. The sole issue presented, as involved herein, is the question, whether or not the plaintiff in this action has established her title as found by the trial court. The evidence in the record well establishes by the contract itself the

right and interest of the plaintiff thereunder, unless the record shows in accordance with the contentions of the appellant that a resulting trust arose, by reason of the fact that the consideration for the contract in question was paid by one Nick Hoffman, and the title taken in the name of the plaintiff (Comp. Laws 1913, § 5365), or that such contract was so made to defraud creditors (Comp. Laws 1913, § 7220).

The evidence in the record is insufficient to establish clearly or by substantial proof, that the consideration was so paid by Nick Hoffman. On the contrary, there is some evidence in the record that part of the consideration at least was paid by the plaintiff. Likewise with respect to the contention of the appellant that the contract so made to the plaintiff was void, because made to defraud creditors under Comp. Laws 1913, § 7220, the evidence again is insufficient outside of the question of the appellant pleading any issue in that regard to establish any fraudulent intent.

We deem it unnecessary to discuss at length in this opinion, the evidence in that regard. We deem it sufficient to state that the findings of the trial court in this respect are correct.

As stated in Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 318, 83 N. W. 245: "We know of no rule of law which can be invoked to prevent a purchaser of real estate from directing the vendor to convey the title of the purchased property to another than the purchaser. This is a matter of frequent occurrence, and in such cases the deed will take effect and pass title according to the nature of the grant. Nor does the mere fact that the party who furnishes the consideration is in debt at the time, or that judgments have been docketed against him, operate in the law to defeat a title so conveyed. . . . True, the law sometimes conclusively presumes a fraudulent intent from a transaction which necessarily and inevitably operates to hinder, delay, or defraud creditors; but no such transaction is pleaded here. There is no allegation of any fraudulent intent, nor that Oliver C. Dalrymple was insolvent when this conveyance was made or at any time, and there is no such presumption arising from the facts pleaded."

Plaintiff in this action established prima facie a good and sufficient title as found by the trial court. No title, superior to that of the plaintiff shown by the necessary and satisfactory proof requisite, was

established by the defendant. The judgment of the trial court there-fore is accordingly affirmed, with costs.

ROBINSON, J. (concurring specially). This appeal merits little consideration. In the printed brief of appellant all that is said of the pleading is that the complaint is in the statutory form of an action to quiet title, and the answer is a general denial. In such an action a general denial raises no issue; it amounts to nothing. The gist of the complaint is that the defendant claims some title or interest in said land adverse to the plaintiff. A general denial is a disclaimer. It is an averment that the defendant does not claim any title or interest in the land. The complaint is a mere challenge to defendant to set forth and establish an adverse claim or to abandon it. When a defendant answers and asserts a claim of title, he becomes practically the plaintiff. He takes the affirmative in pleading and proof. The plaintiff defends against the claim set forth in the answer. Steinwand v. Brown, 38 N. D. 607, 166 N. W. 129; Walton v. Perkins, 28 Minn. 413, 10 N. W. 424.

As it developed on the trial the claim of defendant was that on October 11, 1915, the Moreau Lumber Company held the legal title to the land in question and made a written contract to convey the same to the plaintiff as trustee for one Hoffman, her son-in-law, and that it was done to defraud the creditors of Hoffman. There was also a claim that Hoffman made payments on the contract. On April 27, 1916, Hoffman, now deceased, made to appellant a mortgage on the land to secure $520 and interest. Now it seems the lumber company has obtained a foreclosure judgment on the contract for the balance of the purchase price, $1,362.70, and interest, and appellant desires the court to adjudge that the land contract was taken in trust for Nick Hoffman, and that appellant be given the right to redeem the land in the same manner as if the title were in Nick Hoffman. But the court found, in effect, that Nick Hoffman did not make the payments, and that the land contract was not made in trust for him, and that he had no title or interest in the land. There is some evidence that Hoffman had farmed the land under a lease from the lumber company, and that payments were made from crops which he produced on the land, and that the Hoffman mortgage was given for lumber sold to improve the land. But under

the answer the testimony offered was all clearly inadmissible, and much of it was mere hearsay and not admissible under any form of pleading. Waiving objections to the answer, and considering the testimony, the case is not free from doubt. However, it is certain the written contract by the lumber company was to convey the land to the plaintiff, and it does not appear by clear and convincing evidence that the contract was made in her name as trustee for Hoffman, or that he made the payments. Indeed it does appear that the weight of testimony is to the contrary. In such a case to prove one a trustee by oral testimony, the pleadings should fairly present the issue, and the proof must be clear and convincing.

The judgment should be affirmed.