WENZEL URBANEC, Plaintiff and Respondent, v. JOSEPH URBANEC, Joseph Kovash, Fannie Kovash, Agnes Kovash, Theresa Kovash, Barbara Kovash, Rosa Kovash, Mary Kovash, and All Other Persons Claiming Any Estate or Interest in or Lien or Encumbrance upon the Property Described in the Complaint, Defendants and Appellants, and WENZEL URBANEC and E. A. Lillibridge, Administrators of the Estate of Franz Urbanec, Deceased, Interveners and Appellants.

(174 N. W. 880.)

**Adverse possession — parol gift and delivery of patent does not give color of title.**

In an action to determine adverse claims, it is *held:*

1. Possession of land under a parol gift, accompanied by the delivery of a patent evidencing the donor's title, does not constitute color of title which

NOTE.—The law is well settled that a gift of real estate by parol, followed by possession of the property thereunder, and the making of improvements thereon, is valid, as will be seen by an examination of the cases collated in a note in 9 L.R.A. (N.S.) 508, on degree of proof necessary to establish gift of real estate.

On adverse possession of real estate by donee under parol gift, see note in 35 L.R.A. 835.

will enable the donee to obtain the protection of the ten-year Statute of Limitations (§ 5471, Compiled Laws of 1913).

**Adverse possession — Statute of Frauds — parol grant to son — improvements of land already conveyed.**

2. Where the donee or grantee under a parol grant was a son of the donor or grantor, and the latter had no other relatives in this country and was so aged as to be incapable of caring for himself, the circumstances of the gift or grant indicating that it was made in discharging an obligation arising out of the support of the donor or grantor by the donee or grantee, and the gift was followed by the rendition of support during the life of the donor or grantor, by the making of improvements, payment of taxes, and by seventeen years' adverse possession, equity requires that the parol grant be given effect and that the heirs be precluded from asserting title as against such gift or grant.

Opinion filed July 28 1919.

Appeal from District Court of Dunn County, *Crawford,* J.
Affirmed.

*C. H. Starke,* for defendants and interveners.

Courts of equity have enforced gifts of real property, notwithstanding the Statute of Frauds, only where the proof of the gift was clear and convincing and where the donee in reliance thereon entered into possession and made valuable improvements. Note in 9 L.R.A. (N.S.) 508.

Equity has enforced the gift in such cases on the principle of equitable estoppel. "The real reason for enforcing such a gift is to prevent fraud being practised upon the donee by his having been induced because thereof to make valuable improvements thereon." Freeman v. Freeman (N. Y.) 3 Am. Rep. 651 (a leading case).

The improvements must be valuable and in an amount exceeding the rental value of the land. 9 L.R.A. (N.S.) 508, note.

Courts of equity have also recognized a parol gift of real property as sufficient upon which to found a title by adverse possession. 35 L.R.A. 835, note.

The objection that the evidence consisting of alleged statements of deceased persons is easily fabricated goes to the weight, not the admissibility. 1 R. C. L. 501.

Declaration of a former owner, made after he has parted with his interest therein, cannot be received in evidence to effect the title. Wigmore, Ev. p. 1289.

Declarations and admissions of an alleged donor in respect to the gift are not in themselves sufficient evidence to establish the gift. 20 Cyc. 1225, 1248; Geer v. Goudy (Ill.) 51 N. E. 623; Polk v. Clark (Md.) 48 Atl. 67; Tannery v. McMurn (Tex.) 68 S. W. 640.; Young v. Crawford (Ark.) 100 S. W. 87; Meurin v. Koplan (Tex.) 100 S. W. 984, 9 L.R.A.(N.S.) 508.

Heirs of deceased title holder are tenants in common of the real estate of their ancestor and cannot acquire title to the whole property by adverse possession, except by such actual ouster as to notify his cotenants that he denies their right to the property. Tiffany, Real Prop. 379, 1009; Johnson v. Brauch (S. D.) 35 L.R.A. 835, 168 N. W. 173; note in 15 L.R.A.(N.S.) 1195.

In order to claim under § 5471, Compiled Laws, there must be some title vested in claimant. Power v. Kitching, 10 N. D. 260; Stiles v. Granger, 17 N. D. 502; Wright v. Jones, 23 N. D. 191; Lincoln v. Great Northern, 26 N. D. 504; Page v. Smith, 33 N. D. 369; Woolfolk v. Albrecht, 22 N. D. 36.

*M. L. McBride,* for respondent.

One who enters upon real estate by virtue of a parol gift, and, claiming as owner, continues for the statutory period in open, exclusive, adverse, and uninterrupted possession of it, thereby acquires a perfect title. Shafer v. Hauser, 35 L.R.A. 835; Vandiveer v. Stickney, 75 Ala. 225; Colins v. Johnson, 57 Ala. 304; Lee v. Thompson, 99 Ala. 95; Bakerfield Towne Hall Asso. v. Chester, 55 Cal. 98; Baldwin v. Temple, 101 Cal. 396; South School Dist. v. Blakeslee, 13 Conn. 227; Comins v. Comins, 21 Conn. 416; Clark v. Gilbert, 39 Conn. 98; Watson v. Tindal, 24 Ga. 494, 71 Am. Dec. 142; Stewart v. Duffy, 116 Ill. 47; Wilson v. Campbell, 119 Ind. 286; Thompson v. Thompson, 93 Ky. 435; Lewis v. Lewis, 5 Ky. L. Rep. 858; Strutton v. Strutton, 10 Ky. L. Rep. 607; Moore v. Webb, 2 B. Mon. 282; Com. v. Gibson, 85 Ky. 566; Spradlin v. Spradlin, 13 Ky. L. Rep. 723; Wheeler v. Laird, 147 Mass. 421; Steel v. Johnson, 4 Allen, 423; Summer v. Stevens, 6 Met. 337; Davis v. Bawmar, 55 Misc. 671; Davis v. Davis, 68 Miss. 478; Goehegan v. Marshall, 66 Miss. 676; Rannels v. Rannels, 52 Mo. 108; International Bank v. Fife, 95 Mo. 118; Allen v. Mansfield, 108 Mo. 343; Jackson Golden v. More, 13 Johns. 513, 7 Am. Dec. 398.; Graham v. Craig, 81 Pa. 465; Campbell v. Braden, 96 Pa. 388;

43 N. D.—9.

Ewing v. Ewing, 96 Pa. 381; Craig v. Craig (Pa.) 10 Cent. Rep. 375; Kennedy v. Wible, 10 Cent. Rep. 51; Moreland v. Moreland, 121 Pa. 573; Harvey v. Harvey, 26 S. C. 608; Summer v. Murphy, 2 Hill, L. 488; Hunter v. Parsons, 2 Bail. L. 59; Haynes v. Jones, 2 Head, 372; Pope v. Henry, 24 Vt. 560.

It is not essential that the claim of right or title to the land by the adverse occupant should be a valid legal claim in order that the statutes may run in his favor. Pettit v. Black, 13 Neb. 142, 12 N. W. 841; Lantry v. Wolf, 49 Neb. 374, 68 N. W. 494.

"A gift of land by parol, accompanied by an actual entry and possession, manifests the intention of the donee to enter and take as owner and not as tenant, and it equally proves an admission on the part of the donor that the possession is taken." Summer v. Stevens, 6 Met. 357; Pope v. Henry, 24 Vt. 560; Collins v. Johnson, 57 Ala. 304; Potter v. Smith, 68 Mich. 212, 3 N. W. 916; Brown v. Mathews, 98 Tenn. 45, 40 S. W. 480.

Delivery is an element which must be proved by the donee or the one claiming through him although proof need not be a witness who actually saw the delivery made, but may be inferred from facts and circumstances. Olds v. Powell, 17 Ala. 652, 42 Am. Dec. 605; Getz v. People's Sav. Bank, 31 Ind. App. 67, 67 N. E. 232; Richards v. Reeves, 149 Kan. 427, 49 N. E. 348; Jones v. Keir, 52 Pac. 429.

"The possession which a lapse of the statutory period will ripen into title must consist of such corporal presence and physical comfort as the land reasonably admits of, as well as a present power and right of domination over it; and usually evidenced by occupation and such use as is appropriate to the locality and quality of the property." Stevens v. Anderson, 87 Ala. 231, 6 So. 285.

"It is ordinarily sufficient if the acts of ownership are of such a nature as a claimant would exercise over his own property, and would not exercise over another's, and that the acts amount to such use or dominion over the land as it is reasonably adapted to. 2 C. J. 56; Clark v. Potter, 32 Ohio St. 49; Merrill v. Tobin, 30 Fed. 741; Jones v. Gaddie, 67 Miss. 769, 7 So. 489.

BIRDZELL, J. This is an action to determine adverse claims to a quarter section of land in Dunn county. In his complaint the plaintiff

alleges that he has been in possession of the real estate in question, under a parol gift made by Frank Urbanec or Orbanez to him, for the period of more than seventeen years. An answer was interposed on behalf of the defendants, who reside in Russia, by Anton Wolf, as Imperial Russian Consul General. The defendants allege that they are citizens and subjects of the Empire of Russia, residing therein, but they do not assert their interest in the property as heirs of Frank Urbanec or otherwise. Pursuant to stipulation, an answer in intervention was filed by E. A. Lillibridge and Wenzel Urbanec as administrators of Franz Urbanec, deceased. The answer in intervention alleges the death of Franz Urbanec; that at the time of his death he was the owner of the property in question; and that he left, as his heirs, the plaintiff, Wenzel Urbanec, and the defendants, all of whom, as such heirs, are alleged to be entitled to the property. The interveners also ask for a judgment for the value of the use and occupation since the death of Franz Urbanec. The record reveals the following facts: Between twenty-five and thirty years ago, Franz Urbanec, then an elderly man (about seventy years of age), and his son, Wenzel Urbanec, migrated to this country from Russian Bohemia. Upon their arrival in North Dakota they filed upon adjoining homesteads in Dunn county and later became citizens. Wenzel brought with him his family. Franz, on account of his age, was more or less dependent upon his son, and he recognized his obligation at various times by telling friends and neighbors that he expected to give the land upon which he had filed to his son. After final proof was made and the patent issued, he delivered the patent to his son, gave up his residence on the land, and went to live with Wenzel. The latter went into possession of the land, relying upon the parol gift and the patent which had been delivered to him. He has paid the taxes for fifteen years.

The plaintiff relies upon § 5471, Compiled Laws of 1913, which reads: "All titles to real property vested in any person or persons who have been or hereafter may be in actual open, adverse and undisputed possession of the land under such title for a period of ten years and shall have paid all taxes and assessments legally levied thereon, shall be and the same are declared good and valid in law, any law to the contrary notwithstanding." We are of the opinion that this statute does not support the plaintiff's claim. It will be noticed that the statute

protects *titles* when persons have gone into actual open, adverse, and undisputed possession under them and have paid taxes for the period of ten years. As was said by this court in Power v. Kitching, 10 N. D. 254–260, 88 Am. St. Rep. 691, 86 N. W. 737, the first requisite of the statute is that "the claimant must be vested with some sort of title." The plaintiff here does not claim to have been in possession under any sort of title but rather as a donee of an executory gift. The plaintiff's wife, who was present when the patent was delivered, testified: "My husband wanted him to give him some more in writing and he said that was enough. He gave him the patent and he said that was good."

The patent was, of course, not an instrument of conveyance from the father to the son, and the change of possession thereof did not invest the son with any title paper which would serve in his hands to give color of title. It is unnecessary here to determine all of the requisites that may go to make up color of title. Whether, for instance, it is necessary in every case that there should be some sort of a paper title or whether one going into possession in good faith, on the supposition that he is the sole heir of the person last seised, might be considered as holding under color of title so as to draw to his possession the benefits of the ten-year statute (M'Call v. Neely, 3 Watts, 69), we do not determine. Suffice it to say here that there must at least be presented that which, in appearance, is title, but which, in reality, is not title. Wright v. Mattison, 18 How. 50, 15 L. ed. 280.

The respondents rely principally upon the case of Rannels v. Rannels, 52 Mo. 108, and other similar cases which define the term "color of title" in such broad language as to include practically every transaction whereby one may be put in rightful occupancy of real property under circumstances entitling him, in good faith, to consider it as his own. The supreme court of Missouri, in a later case,—Allen v. Mansfield, 108 Mo. 343, 18 S. W. 901,—found it necessary to qualify the broad holding of the Rannels Case, as appears from the following quotation from the latter decision: . . . "Claim of title does not necessarily include color of title. The definitions and descriptions of color of title given in the books are various and conflicting. It is, we think, safe to say that any writing which purports to convey land and describes the same is color of title, though the writing is invalid and conveys no title. Fugate v. Pierce, 49 Mo. 441; Hamilton v. Boggess, 63 Mo. 233;

Hickman v. Link, 97 Mo. 482, 10 S. W. 600. In Fugate v. Pierce, it was said constructive possession is never based upon a claim merely; 'there must be a deed purporting to convey the whole, or some proceeding or instrument giving color and defining boundaries, as well as actual possession.' This doctrine was approved in Long v. Higginbotham, 56 Mo. 245. . . . These cases all lead to the conclusion that to constitute color of title there must be some documentary evidence, and so it is generally held. Sedgw. & W. Trial of Title to Land, 2d ed. §§ 769, 772."

Immediately following the above, the Rannels Case is referred to as apparently inconsistent, and the authority of that decision is limited to the result in the particular case.

We are also cited to a line of authority in 35 L.R.A. 835, to the effect that one who enters upon real estate by virtue of parol gift, and who claims as owner, may claim the benefit of the Statute of Limitations after he has been in the open, exclusive, adverse, and uninterrupted possession for the statutory period. These authorities are collected in a note to Schafer v. Hauser, 35 L.R.A. 835, and are cited as being in accord with that decision. But all that is held therein is that one taking possession of land under a parol gift holds it adversely as to the donor and all others. The holding of the court in that case is clarified by an expression in 1 Am. & Eng. Enc. Law, 280, which it quotes with approval. It is said: ". . . *That such a parol gift conveys no title,* and only operates as a mere tenancy at will, capable of revocation or disaffirmance by the donor at any time before the bar is complete, is immaterial; it is evidence of the beginning of an adverse possession by the donee, which can only be repelled by showing a subsequent recognition of the donor's superior title."

And it may be remarked, too, that the question before the court in the Michigan case, as well as in most of the others cited in the note, was not a question of color of title, but simply as to whether or not a donee, taking land by parol gift, could be considered as being in adverse possession within the twenty-year statute. It is well settled that color of title is not needed where adverse possession under the twenty-year statute is relied upon. 1 R. C. L. 708. Claim of right is essential but not title, colorable or otherwise. For authorities adhering to the rule that there must be at least color of title in one seeking the protection

of the short-term Statute of Limitations, however, see 15 L.R.A.(N.S.) 1223. We are of the opinion that the plaintiff in the instant case had no title which was capable of being protected by the ten-year statute. § 5471, Compiled Laws of 1913. But there is another matter that is fairly presented on the record.

It appears in the testimony, however, that the plaintiff's father lived to the age of about ninety years; that, in mentioning to a friend the gift of the homestead in question to his son Wenzel, he recognized that he was receiving from the son, in return, that which he would perhaps otherwise have been unable to obtain; namely, support and care in his declining years. The testimony shows that he lived with the son for five years before his death, dying in 1904, and that during this time he was unable to perform the labor necessary to make a living. It appears, also that the father gave to the son the muniment of his title, and that the son, in reliance upon the gift, went into possession, paid the taxes, and made improvements to the extent of building a fence upon the land. It thus appears that the right of Wenzel rests upon something much more substantial than a mere unexecuted parol gift of land. In fact, it was a gift upon consideration of support, followed by the rendition of the support and the making of improvements. Under the circumstances the Statute of Frauds would not stand in the way of an action by Wenzel Urbanec to secure specific performance of the contract after he had completely performed as he has in this case. The heirs are as effectively barred from asserting the title derived from Franz Urbanec as Franz himself would be were he asserting the legal title as against the plaintiff. See Lindell v. Lindell, 135 Minn. 368, 160 N. W. 1031. Equity, therefore, requires that the title be quieted in the plaintiff.

Judgment affirmed.

GRACE, J. I concur in the result.