McCAULL WEBSTER ELEVATOR COMPANY, a corporation, Respondent, v. ELIZABETH HOFFMAN, ET AL., Appellants.

(188 N. W. 305.)

**Mortgages — party cannot retain redemption money and deny right to redeem.**

    In this case it is *held*:

    1.   That when a party accepts redemption money he cannot deny the right to redeem and retain the money.

**Mortgages — when party has taken a lien on land with active or constructive notice of a prior right, his mortgage is subject thereto.**

    2.   That when a party takes a lien on the land, with actual or constructive notice of a prior right, his mortgage is subsequent and subject to the prior right.

Opinion filed May 18, 1922.   Rehearing denied June 5, 1922.

Appeal from a judgment of the District court of Hettinger county, *Berry*, J.

Affirmed.

*Jacobsen* & *Murray,* and *J. P. Cain,* for appellants.

Subrogation can be had only upon agreement, either express or implied, that the prior lien should be kept alive for the benefit of the party

paying it.    Quaschneck v. Blodgett, 32 N. D. 603.    Especially see 616 of the opinion, from which we quote.

"It is well settled that in the absence of an agreement, express or implied, that the claims which have been paid shall be kept alive for the benefit of the mortgagee who makes the advance for such payments, no subrogation can be had."

One, who, having no interest to protect, voluntarily pays off an encumbrance upon the land of another, is not subrogated to the rights of the holder of such an encumbrance, unless there is an agreement, either express or implied, between the person discharging the encumbrance and either the debtor or the creditor, that he shall be subrogated to the rights of the encumbrancer."    Pollock v. Wright, (S. D.) 87 N. W. 585.

"The doctrine of subrogation is not applied for the mere stranger or volunteer, who has paid the debt of another, without any assignment or agreement for subrogation, without being under any legal obligation to make the payment, and without being compelled to do so for the preservation of any rights·or property of his own."    Also see Mavity v. Stover et al., (Neb.) 94 N. W. 834.

*Otto Thress,* for respondents.

"Where the proceeding is one in which the cause is retried de novo the judgment is vacated."    2 R. C. L. 118.

"An appeal which brings up the entire case for trial de novo in the appellate court operates to annul the judgment in the absence of a statute providing otherwise."    Bank of America v. Wheeler, (Conn.) 73 Am. Dec. 683; Stalbird v. Beattie, 36 N. H. 455, 72 Am. Dec. 317; Fort v. Fort, 118 Tenn. 103, 11 Ann. Cas. 964; Jenkins v. State (Neb.) 82 N. W. 622.

"Where an appeal is taken, the judgment appealed from is vacated and annulled and the litigants are, with respect to their  legal  rights, where they were at the commencement of the suit."    Riley  v.  Melia, (Neb.) 92 N. W. 913.

ROBINSON, J.    This is an appeal from a judgment subjecting the mortgage liens of Carl Tallmadge and his father to the prior rights of the plaintiff because they had both actual and constructive notice of such prior liens.    The facts are not in dispute.    In May, 1917, the Moreau Lumber Company, of Aberdeen, S. D., owned the land in question and

contracted to sell the same to Anna Bernauer for $1,525. She made default in payment, and the lumber company obtained a judgment foreclosing the contract unless on or before May 10, 1918, she pay or deposit with the clerk of the court the sum due, $1,467.66. Claiming as mortgagees the right of redemption on May 10, 1918, the plaintiffs deposited with the clerk of the court $1,467.66, and at once commenced this action and filed a *lis pendens*. In the meantime Carl Tallmadge, who was the agent of Anna Bernauer, paid to the lumber company $1,467.66 and obtained an assignment of the judgment to himself and also a deed of the land. Then he presented the papers to the clerk of the court and received the redemption money, $1,467.66. Then he quitclaimd the land to Anna Bernauer, and subsequently, on June 18th, put on record her mortgage to his father to secure a loan of $2,500 and interest, and a commission mortgage to himself for $557.50. As the trial court finds, the loan was not completed or any money paid on it until June 28, 1918, and as agent of Anna Bernauer, Carl Tallmadge received the deposit from the clerk of the court and used the same as part of the purchase price of the land. Certain it is that as agent of Anna Bernauer he received the assignment of the judgment, the deed, and the redemption money. He cannot be heard to say that he received the same as a wrongdoer.

The mortgage under which plaintiff put up the redemption money was adjudged void, but that is a matter of no consequence. A party may not accept redemption money, deny the right to redeem, and retain the money. If Carl Tallmadge did not pay to Anna Bernauer the money, or use it for her benefit, that is a matter between them. He may still have to account to her. He admits that, so far as it concerns Anna Bernauer, the judgment which gives the plaintiff a prior lien on the land is right, but claims that it is wrong in giving the lien prior to the mortgages subsequently recorded for a loan subsequently made, with actual and constructive notice of the plaintiff's prior right. In all that Carl Tallmadge did he acted as agent for Anna Bernauer, and as agent for his father, and defendants cannot deny the fact that he had actual and constructive notice of the facts. As an honest man he had no reason or excuse for defending the action or taking the appeal.

Judgment affirmed, with costs against the appellants.

BRONSON, J. (specially concurring). I concur in the affirmance of the judgment. The Moreau Lumber Company held the legal title to the

land. Anna Bernauer possessed the land under a contract for a deed from the company. Pursuant to legal proceedings had to cancel this contract, it was adjudged that the same should be canceled unless the sum of $1,467.66 was paid on or before May 10, 1918. Theretofore Anna Bernauer made on May 4, 1917, two mortgages: One for $2,500, recorded May 8, 1917, to E. F. Tallmadge; another a commission mortgage for $557.50 recorded October 25, 1919, to Carl E. Tallmadge. The latter was the regular agent of the former, his father, for placing loans on real estate in North Dakota. The plaintiff had a mortgage on this land which in February, 1919, was adjudged by this court to be invalid as against Anna Bernauer. See Bernauer v. McCaull-Webster Elev. Co., 41 N. D. 561, 171 N. W. 282. On May 9, 1918, Carl E. Tallmadge paid to the Moreau Lumber Company its claims against the land, namely, the amount due from Anna Bernauer, and a mortgage on the premises, all amounting to approximately $2,700. He received an assignment of the judgment against Anna Bernauer, a satisfaction of the $1,000 mortgage, and a deed of the land to himself. He testified that he was getting this for himself, to protect himself. At this time he had not made payment of the $2,500 to Anna Bernauer excepting fees of $500 guaranteed to her attorneys on April 17, 1918. On May 10, 1918, the plaintiff deposited with the clerk of court $1,467.66, the amount necessary to redeem the defaults of Anna Bernauer under her contract. The clerk of court paid this money to Carl E. Tallmadge. He testified that he gave Anna Bernauer credit for such money so paid. On May 21, 1918, he deeded the land to Anna Bernauer. Thereafter the record title accordingly showed Anna Bernauer to be the owner of the land subject to a first mortgage for $2,500 to E. F. Tallmadge, and a second mortgage to Carl E. Tallmadge for $557.50.

The appellant presents the questions: First. Is the mortgage of the plaintiff, declared void by this court, prior to the mortgages of the Tallmadges? Second. Does the payment of $1,467.66 made by the plaintiff to the clerk of court constitute a lien prior to such mortgages? I am clearly of the opinion that the plaintiff is entitled in equity to a lien prior to the Tallmadge mortgages. It is not a question of the priority, of plaintiff's making payment to the clerk of court as a redemptioner. A status must be given plaintiff's payment in accordance with the recognition accorded thereto by the Tallmadges. The son was the full agent of his father in negotiating the $2,500 mortgage and in making payment of the loan to Mrs. Bernauer. Their statement of the disposition of this

loan shows that some moneys out of the proceeds were used in making the purchase from the Moreau Lumber Company. On May 10, 1918, it was necessary for Anna Bernauer to pay the sum of $1,467.66 in order to retain any title whatever in the land. Manifestly the payment of $1,-467.66 by the plaintiff to the clerk operated, pursuant to the recognition given by the Tallmadges, to retain and preserve the title of Anna Bernauer. This amount was received by the Tallmdages. Pursuant thereto Carl Tallmadge gave a deed to the land to Anna Bernauer. Accordingly the basis of the title, both of Anna Bernauer and the Tallmadge mortgages, is this payment made by the plaintiff. The position of Carl Tallmadge is not aided by his contention that he bought the Moreau Lumber Company's title for himself or to protect himself. As the owner of the land and the person entitled to receive redemption money from Anna Bernauer, he could not receive this money as redemption money and at the same time claim that the person paying the same should not equitably be regarded as a redemptioner. Accordingly the actions of the Tallmadges in placing this loan and making payment thereof recognized the title of Anna Bernauer to be based upon, and to proceed from, the payment of this redemption money by the plaintiff. Principles of equity require, therefore, that the amount so paid be regarded as a lien prior to the mortgages of the Tallmadges.

The judgment of the trial court accordingly should be affirmed.

BIRDZELL, C. J., and CHRISTIANSON, J., concur.

GRACE, J. (specially concurring). I concur in the principles of law enunciated in the syllabus and in the result arrived at in the principal opinion.