Carl SEVERSON, C. R. Cole, Oscar Knutson, William M. Moo, M. J. Sigfried, *formerly* M. J. Larson, Geneva Lilleskov Schenk, Eleanor Lilleskov Gallagher, Bernice Taylor, Russell Lagerberg and Eugene Lagerberg, Plaintiffs and Appellants,

v.

Lawrence A. SIMON, Nettie M. Simon, Hazel E. Kyle, Raymond L. Simon, Norman M. Nelson, Gus O. Nelson, LeRoy Nelson, Beatrice Nelson Odegard, LeRoy Nelson, as general guardian of Allen L. Nelson, Wade G. Nelson, and Louise Marie Nelson, minors, DeMaris Simon, DeMaris Simon, as general guardian of Ronald V. Simon, Alma Mae Osborne, Bonnie Jean Krause, Lilliam C. Simon, John A. Simon, Neva Simon Cornell, Mabel Simon North, O. B. Simon, Ida Olson, Williams County, North Dakota, a public corporation, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the Complaint, Defendants and Respondents.

No. 7870.

Supreme Court of North Dakota.

Aug. 10, 1961.

Bjella, Jestrab & Neff, Williston, for plaintiffs and appellants.

Ilvedson, Pringle, Herigstad & Meschke, Minot, for defendants and respondents.

SATHRE, Chief Justice.

The plaintiffs brought this action to quiet title to the North one-half of the Northwest quarter of Section Thirty-three, Township One Hundred Fifty-five, Range Ninety-three, Williams County, North Dakota. The complaint is in the statutory form. The defendant who answered, DeMaris Simon, claims title by adverse possession, payment of taxes for more than ten years, and laches on the part of the plaintiffs in bringing the action.

The case was tried in the District Court of Williams County. Judgment was entered in favor of the defendants and the plaintiffs appealed.

The facts are substantially as follows: On March 11, 1929, N. W. Simon and his wife executed a quitclaim deed to the above described land of which N. W. Simon was the record owner, to himself and nine others. It was the purpose of these parties to speculate in oil, and they all contributed equal amounts of money, which, together with the quitclaim deed was delivered to William Larson whose wife was one of the grantees in the quitclaim deed. Larson was to be the clerk, pay the taxes and take care of the land. Larson never had the deed recorded and paid no taxes on the land.

N. W. Simon died in November 1933.

On March 1, 1940, Williams County took tax deed to the land for non-payment of taxes. The deed to the county was filed for record March 20, 1940.

On February 13, 1946, Clarence Simon, son of the record title owner N. W. Simon, repurchased the land from Williams County under Section 57-28-19 NDCC which permits members of the family of the taxpayer to repurchase land forfeited to the county. During the same year Clarence Simon broke ten acres of the land and farmed the ten acres continually thereafter, and listed it in his record as his property. He paid the taxes as they came due until his death in February 1953. After his death his widow, DeMaris Simon, paid the taxes and continued in possession of the land.

The plaintiffs are the successors in interest of some of the grantees in the deed executed by N. W. Simon on March 11, 1929. The defendants who answered are the widow of Clarence Simon for herself and as guardian of her minor son, Ronald V. Simon.

The plaintiffs brought the action to quiet title in them to the land. They claim that the land is impressed with a trust for the benefit of the grantees in the deed executed by N. W. Simon on March 11, 1929, and that the defendants held the land as trustees for said grantees. The defendant DeMaris Simon claims title through deed from Williams County to N. W. Simon, dated April 30, 1928; through judgment in an action to quiet title brought by N. W. Simon in August 1928; through deed from Williams County to Clarence Simon, her husband, dated February 13, 1946; through adverse possession and payment of taxes for more than ten years; and through final decree of distribution in the estate of Clarence Simon, deceased, of the county court of Williams County, dated September 15, 1954, vesting in the defendants DeMaris Simon, the widow of Clarence Simon, deceased, and in Donald Vern Simon, minor son of said Clarence Simon, deceased, each a one-half interest in the land involved herein.

There is no evidence in the record before us that when Clarence Simon repurchased the land he had any knowledge of the unrecorded deed executed by his father, N. W. Simon, March 11, 1929.

The records of Williams County showed that when Clarence Simon bought the land in February 1946, the county had acquired title through tax deed proceedings for nonpayment of taxes by the owner, N. W. Simon, father of Clarence Simon.

The record shows further that Clarence Simon purchased this land at the suggestion of the county auditor of Williams County. The auditor knew that N. W. Simon was the record title owner and that the county had acquired the land through tax deed proceedings, and he evidently knew that Clarence Simon was a son of N. W. Simon. The record clearly shows that Clarence Simon was not aware of any confidential relation between his father N. W. Simon and the other nine grantees in the unrecorded quitclaim deed executed by N. W. Simon in 1929. More than seventeen years had elapsed since that deed was executed when Clarence Simon purchased the land from the county. Clarence Simon knew nothing of the quitclaim deed until 1951, when Warren Larson, son of William Larson, deceased, to whom the quitclaim deed had been delivered, told Clarence Simon that he, Warren, had found the deed among his father's papers. The plaintiffs did not bring this action until October 1957, more than twenty-eight years after the execution by N. W. Simon of the unrecorded quitclaim deed referred to herein. It is clearly established by the record that when this action was commenced Clarence Simon, during his lifetime, and after his death his widow, had been in the open, adverse and continuous possession of the land involved for more than ten years, and during all that time had paid the taxes legally levied against it.

The evidence wholly fails to establish that possession of the land by Clarence Simon was impressed with a constructive trust for the benefit of the plaintiffs. In order to establish a constructive trust in real property the evidence must be clear, convincing and satisfactory, and of such character as to leave in the mind of the court no hesitation or substantial doubt. Carter v. Carter, 14 N.D. 66, 103 N.W. 425; Bernauer v. McCaull-Webster Elevator Co., 41 N.D. 561, 171 N.W. 282.

The defendant DeMaris Simon, surviving widow of Clarence Simon, for herself and as general guardian of her minor son, Ronald V. Simon, claims title and ownership of the land involved by adverse possession and payment of taxes thereon for more than ten years under Section 47–06–03 NDCC, which is as follows:

"A title to real property, vested in any person who has been or hereafter shall be, either alone or including those under whom he claims, in the actual open adverse and undisputed possession of the land under such title for a period of ten years and who, either alone or including those under whom he claims, shall have paid all taxes and assessments legally levied thereon, shall be valid in law. Possession by a county under tax deed shall not be deemed adverse. A contract for deed shall constitute color of title within the meaning of this section [and] from and after the execution of such contract."

It is clearly established by the evidence that Clarence Simon during his lifetime, and after his death, his widow, DeMaris Simon, were in open, undisputed and adverse possession of the land involved for more than ten years under color of title, and during all that time paid the taxes legally levied thereon. Since there is a failure of proof that possession of the land involved, by Clarence Simon, and after his death by his widow, DeMaris Simon, was impressed with a constructive trust, it follows that the defendant DeMaris Simon individually and as guardian of her minor son has acquired title by adverse possession

and payment of taxes for ten years under Section 47–06–03 NDCC.

The judgment of the district court is affirmed.

STRUTZ, MORRIS and TEIGEN, JJ., concur.

BURKE, Judge (concurring specially).

I concur in the result reached in the opinion of the Chief Justice. Conceding that N. W. Simon originally acquired title to the land in litigation as trustee for his coadventurers, he fulfilled his obligations under the trust when he and his wife executed a deed of an undivided one-tenth interest to each of them and delivered the deed to William Larson. Upon the delivery of this deed N. W. Simon became a tenant in common with his nine associates. When the deed was delivered it was with the understanding that Larson was to pay the taxes. Larson, however, neither paid the taxes nor recorded the deed and the land was sold to the county for taxes in 1930.

■ N. W. Simon died in 1933, and his heir Clarence Simon, succeeded to his interest in the land. In 1940, the county perfected its tax title to the land by giving notice of the expiration of the period of redemption from tax sale, and upon the expiration of such period, by issuing a tax deed to the property. Upon the issuance of this tax deed the entire title to the property passed to the county. Buman v. Sturn, 73 N.D. 561, 16 N.W.2d 837; Pederson v. Federal Land Bank, N.D., 72 N.W.2d 227. The interest of each of the cotenants in the property was thus terminated and the cotenancy ended.

■ In 1946, Clarence Simon as a member of the immediate family of N. W. Simon, the former record owner of the land, repurchased the land from the county, under the privilege granted by Section 57–28–19 NDCC. It is conceded that, at the time Clarence repurchased the land, the record showed that N. W. Simon was the former owner. It is also conceded that Clarence Simon had no knowledge of the deed executed by his father and mother to N. W. Simon and the other adventurers, nor any other knowledge of the cotenancy created by that unrecorded deed. His good faith is unchallenged. Where a cotenancy has ended a former cotenant may acquire sole title to the property at tax sale in the absence of fraud, collusion or other inequitable conduct. Patterson v. Wilson, 203 Okl. 527, 223 P.2d 770. The fact that Clarence Simon had, without knowledge on his part, been a cotenant of the land did not bar him from acquiring the entire title thereto after the cotenancy had terminated.

■ Assuming, without deciding, that Clarence Simon had no right to repurchase more than his father's actual former interest in the land and not the entire interest as shown by the record and that the county's deed was void as to all but the one-tenth interest his father had actually owned, nevertheless, the county deed was color of title to the entire tract described therein. A void tax deed is color of title. Stiles v. Granger, 17 N.D. 502, 117 N.W. 777, Power v. Kitching, 10 N.D. 254, 86 N.W. 737; Urbanec v. Urbanec, 43 N.D. 127, 174 N.W. 880; Grandin v. Gardiner, N.D., 63 N.W.2d 128.

■ It is undisputed that under this color of title Clarence Simon entered upon this land more than ten years prior to the commencement of this action and that he, and after his death, his widow have been in continuous open and adverse possession of the land and have paid all taxes and assessments levied thereon. The defendants, DeMaris Simon individually, and as general guardian for Ronald V. Simon, widow and son of Clarence Simon, have therefore perfected their title to the land under the provisions of Section 47–06–03 NDCC. The judgment of the District Court should therefore, be affirmed.

STRUTZ, MORRIS and TEIGEN, JJ., concur.